*254
 
 Battle, J.
 

 This is an application to this Court for a writ of certiorari, founded upon the following statement of facts: The widow and children of Bryan Green, deceased, filed their petition in the Court of Equity for the county of Wake, in which they set forth, that the said Bryan Green had died intestate, leaving a large real and personal estate, and that Carter B. Harrison had been duly appointed his administrator; that the estate was very much indebted, so much so, that it would require, not only all the perishable estate, but a considerable number of slaves, to pay the debts, and that it would be very much to-the interest of the petitioners, who were the widow and next of kin of the deceased, to have a part of the real estate sold, and substituted in the place of slaves in the payment of debts. Some of the petitioners were of full age and others minors, who sued by their guardian, and a decree was prayed to carry into effect the object of the petition.— Carter B. Harrison, the administrator, was made defendant, and filed an answer, in which, the facts stated in the petition, were admitted, and he expressed the opinion that the best interests of the petitioners would be promoted by the course proposed. And an order of reference having been made to the clerk and master, he reported that it would be to the advantage of the petitioners to have the object of the petitioners carried out. A decree was thereupon made, ordering a sale of certain portions of the real estate, and appointing the administrator a commissioner to make the sale, &c. Robert G. Lewis, the clerk and master of the Court, ojjposed so much of the decree, as related to the appointment of the commissioner to make the sale, insisting upon his right to be appointed, and upon his opposition being overruled, prayed an appeal to the Supreme Court, which was refused.
 

 The only question now presented to us, and upon which it is proper for us to express an opinion, is, whether the applicant for a writ of
 
 certiorari
 
 had a right to appeal from the order made in the Court of Equity for Wake county. The order, notwithstanding the form of it, was an interlocutory one, made in the progress of a suit in Equity. If the applicant had a
 
 *255
 
 right to appeal from that order, he must derive it from the provisions of the Revised Code, Chapter 4, Section 23, which are as follows: “ The superior court may, whenever it shall .be deemed proper, allow an appeal to the Supreme Court, from any interlocutory judgement, sentence or decree, at law or in equity, at the instance of the party dissatisfied therewith, upon such terms as shall appear to the court just and equitable, &c.” The right of appeal, then, is given to a party to the suit. Who is
 
 & party
 
 to an action at law or a suit in equity? We understand that by such
 
 a party,
 
 is meant one who is directly interested in the subject matter- — who has a right to make defense — control the proceedings — adduce testimony — - cross-examine the witnesses introduced on the other side, and to appeal from the judgement or decree; see 1 Green, on Ev. Sec. 523 and 535; 20 IIow. St. Tri, 538n; 2 Bouvier’s Law Die. 284. All other persons are regarded as strangers to the ■action or suit. Tested by this definition, can the clerk and master claiming a right to be appointed a commissioner to sell lands in the progress of a suit in equity, be deemed a party to the suit? Is he directly interested in the subject matter of the suit? Or has he a right to make defense, control proceedings, adduce testimony and cross-examine the witnesses of the opposite side ? Certainly not. He cannot, then, in any proper sense, be deemed a party, and not being such, the statute does not give him any right of appeal.
 

 Under the 1st Sec. of 4th Chapter of the Revised Statutes of 1836, a right of appeal from the county to the superior court of law, was given to either, the plaintiff or defendant, or to any person “who shall be interested.” Under the latter clause of this section we held in the case of
 
 Murphrey
 
 v
 
 Wood,
 
 2 Jones, 63, that a purchaser of land under an execution, issued on-a dormant judgement, had such an interest in the subject as entitled him to intervene and appeal from an order of the county court, setting such execution aside. And again in
 
 Watkins
 
 v
 
 Pemberton,
 
 2 Jones, 174, we decided that the next of kin of an intestate, was interested in an order of the county court, obtained by an administrator, to sell the slaves be
 
 *256
 
 longing to the estate for distribution, instead of having them divided specifically, and that they might appeal from it. The clause under which these decisions were made, has been omitted in the Revised Code; see Chap. 4, Sec. 1,and we presume such appeals could not now be allowed. No such provision was ever made in the grant of the right of appeal from the superior court of law or court of equity to the Supreme Court. (See 1 Rev. Stat. Chap. 4, Sec. 22 and 23; Rev. Code, Ch. 4, Sec. 22 and 23,) and
 
 it
 
 follows
 
 that
 
 no person, but a party can appeal from the sentence, judgement or decree of the former court to the latter. As the present applicant was not a person who could appeal from the interlocutory order, made in the Court of equity for Wake county, he cannot be allowed the writ of
 
 eertiorari,
 
 to bring up the record of the suit, or any part of it, to this Court.
 

 . We abstain from expressing any opinion in relation to the decree made in the Court below, except merely ' to say that the present applicant cannot bring it before us for review, either by appeal or by writ of
 
 oerUorari.
 
 The applicant must pay the cost of his motion.
 

 Pee CubiaM, Decree accordingly.