## WILLIAM A. STANTON, Receiver, etc.,

### v.

## A. H. ANDREWS & CO.

RECEIVER CONTESTING ORDER OF COURT—CONTINGENT INTEREST.— Where all the funds that could be realized from the insolvent judgment debtor were distributed in pursuance of a stipulation entered into by all the parties interested, and the only person taking an appeal or assigning error was the receiver, who contested the allowance of appellee's claim. *Held*, that the receiver has no right to take it upon himself to regulate the court and contest the allowance of appellee's claim; that this court can not recognize the contingent interest of the receiver.

APPEAL from the Superior Court of Cook county; the Hon. GWYNN GARNETT, Judge, presiding. Opinion filed May 5, 1886.

This case was before this court at the October term, 1885, by the title of A. H. Andrews & Co. v. Stanton, receiver, etc., and an opinion was filed therein reversing and remanding January 6, 1886. That opinion states the facts of the case.

It appears from the record filed on this last appeal, that in pursuance of a stipulation entered into by all the parties interested in the proceedings below, that an order was entered January 4, 1886, closing up the affairs of the estate of the judgment debtor, the Booth & Osgood Manufacturing Co., and making distribution of all the funds in the hands of said receiver among creditors and claimants, specifying what amount each was to receive, except that as to the appellee, A. H. Andrews & Co., the order directed that the receiver retain the sum of $1,600 out of said funds with which to settle the claim of A. H. Andrews & Co., which was stated to be in

Stanton v. Andrews.

litigation. And the order further provided that upon the settlement of that claim the receiver might retain the resi-due, if any there was, as additional compensation and in full payment of his services as such receiver.

It appears that the mandate of this court having been duly filed and the case redocketed, January 25, 1886, the case was heard upon the petition of A. H. Andrews & Co., answer, repli-cation and master's report; the court overruled the exceptions of the receiver to the master's report, and entered a decretal order that said receiver pay forthwith to said A. H. Andrews & Co. out of the funds so in his possession, the sum of $1,392.69, that being the total of the amount found due said company by the master, with interest thereon from the .time the report was filed, and the costs awarded against the receiver on the former appeal. The case having been pre-viously closed in the court below as respected all other parties interested in the estate or assets of the insolvent judgment debtor, the Booth & Osgood Manufacturing Co., the receiver took an appeal from said order to pay A. H. Andrews & Co., to this court.

Messrs. HUTCHINSON & LUFF, for appellant.

Mr. LYMAN M. PAINE, for appellee.

McALLISTER, J. This is a peculiar case. All the funds that could be realized from the insolvent judgment debtor have been distributed in pursuance of a stipulation entered into by all the parties interested; and no one of the creditors or claimants is here to complain. The only person taking this appeal or assigning error, is the receiver. The judgment debtor, the several creditors and claimants, are all content with what has been done, and the receiver has no case showing that he personally and in his office of receiver has not been fairly dealt with. He makes no complaint that he did not receive just compensation for his services. He comes here, not as the representative of the judgment debtor, or of any party interested in its funds, but on his own behalf, to contest the

order of the court as respects the judgment of the A. H. Andrews & Co.'s claim, which the master, which the court below, and which this court, on the former appeal, found to be just and right.

A receiver is an officer of the court, and has been figuratively styled the *hands* of the court. With that figure in mind, this case appears very much like a mild rebellion of the *hands* against the *head*. The funds of the judgment debtor's estate having been distributed among all creditors and claimants by the agreement of all the parties in interest, and, by the same agreement, sixteen hundred dollars set apart for the purpose of satisfying appellee's claim, the question naturally arises, how is it that the receiver takes it upon himself to regulate the court and contest the allowance of appellee's claim? It is apparent to us that this action on his part is dictated by that provision of the order of January 4, 1886, which constructively gave the receiver a contingent interest in the sixteen hundred dollars set apart for appellee's claim. We can not but regard that part of said order as injudicious. It placed the receiver in a position where his interest was in direct conflict with his duty. If he had such an interest, thus inconsistent with the impartial performance of his duty at the time of his appointment, he would have been ineligible. If so, was it not clearly improper to place him in such a position after his appointment? We think it was; because it would naturally induce him to use his best endeavors to either defeat the claim of A. H. Andrews & Co. altogether, or reduce it to the lowest amount possible. That being the case, he has no right to complain of the action of the court in afterward exercising its proper functions by fixing the amount which was due appellee and peremptorily ordering the receiver forthwith to pay it. The receiver's contingent interest in the sixteen hundred dollars was one which we can not recognize and which the court below was at liberty to disregard, because it should never have been created. We have fully considered the matter of the alleged set-off, or the receiver's right to damages against A. H. Andrews & Co., arising out of the refusal of the latter to have the receiver go on with the performance of the contract which

the Booth & Osgood Manufacturing Company had at the time of their failure, to furnish the former with 30,000 desk woods. If A. H. Andrews & Co. had not, under the peculiar terms of that contract, been discharged from the performance of it, by the failure of the Booth & Osgood Manufacturing Company to comply with its terms, the latter by its failure in business became utterly incapacitated to perform, and that relieved A. H. Andrews & Co. from all its obligations in the future. The performance by the manufacturing company was of a personal character and the other contracting party was under no obligation to accept performance by the receiver or anybody else. Hobson & Sharp v. Drummond, 2 Barnw. & Adol. 303.

We are of opinion that there was no merit in the receiver's claim of set-off on the ground of appellee's refusal to go on with that contract, and there is no error of which be has any right to complain. The order appealed from will be affirmed.

Affirmed.