McKinnon and another vs. Wolfenden and others.

McKinnon and another, Respondents, vs. Wolfenden and others, imp., Appellants.

*September 30 — December 16, 1890.*

APPEAL. (*1*) *Receivers.* (*2*) *Parties who have obtained benefit of order.* (*3*) *Parties becoming such after order is made.*

1. A receiver, being the mere servant or agent of the court, cannot appeal from an order in the action unless authorized so to do by the court.
2. A party cannot appeal from an order after he has obtained the benefit of a subsequent order made at his request and based upon the order from which he attempts to appeal.
3. Whether, when the delay of a person to become a party to an action is his own fault, he can appeal from an order made before he became a party, is not determined. But his rights in that respect are, at best, no greater than those of one who was a party when the order was made and who had due notice thereof. Under sec. 3042, R. S., the right of such a party to appeal terminated thirty days after such notice.

APPEAL from the Circuit Court for *Juneau* County.

This action is in the nature of a creditors' suit brought by plaintiffs against the Case Wagon Company, an insolvent corporation, which was a judgment debtor of plaintiffs. When it was commenced, all the available assets of the corporation were in the possession of the *Reedsburg Bank* (one of the defendants) as mortgagee and pledgee thereof. Afterwards, by permission of the court, the defendants *William Case* and *Manning H. Case*, who were sureties for the corporation on its indebtedness to the bank, redeemed the property so held by the bank, took possession of it, and were subrogated to the rights of the bank. April 26, 1887, a referee was appointed to ascertain and report the amount due the *Cases* from the corporation on the mortgages under which they held the property. July 12, 1887, the referee reported the amount so due at $8,540.57. This report was confirmed by the court July 19, 1887, by an order to that

effect duly entered. It does not appear that a copy of the order confirming such report and notice of the entry thereof was served upon any of the parties.

In the mean time a large number of creditors of the insolvent corporation had been made parties to the action at their own request. On an application of three of these creditors and one *Charles E. Wolfenden* (who was not a party, but who claimed as assignee of a creditor who was a party) an order was made and entered December 17, 1887, granting leave to the petitioners and any other creditors to redeem the assets of the insolvent corporation by paying to the *Cases* the amount due on their mortgages, and appointing said *Wolfenden* as receiver of the property when such redemption should be made. Thereupon, on January 9, 1888, such petitioners redeemed the property, and were subrogated to the rights of the *Cases*, and the property went into the hands of the receiver pursuant to such order.

January 23, 1888, the court, by order, granted the petition of certain other creditors of the corporation, making them also parties to the action. Among these are the appellants in this action, the defendants *Nieschultz, Wolfenden* and *Lee*, who appeal from the order of July 19th, confirming the report of the referee of the amount due the *Cases* on their mortgages. *Wolfenden* also joins in the appeal as such receiver.

For the appellants the cause was submitted on the briefs of *Pinney & Sanborn.*

For the respondents constituting the *Reedsburg Bank* there was a brief by *R. P. Perry;* for the respondents *William Case* and *Manning H. Case* there were briefs by *E. C. Higbee;* and the cause was argued orally by *Mr. Higbee.*

LYON, J. The respondents move to dismiss the appeal. The motion must be granted. *Wolfenden's* appeal as re-

ceiver was not authorized by the court. Without such authority it was not competent for him to take the appeal. A receiver is the mere servant or agent of the court to do its bidding, and he cannot be heard to question by appeal the regularity or propriety of the orders of court in the action, unless the court first authorizes him to do so.

*Wolfenden* also appeals in his capacity as a creditor of the insolvent corporation. Treating him as a party to the action when the order of confirmation was made (although he was not then a party, but only the assignee of a party), we think he is in no position to appeal from the order of July 19, 1887. The order of December 17, 1887, was made at his request. It gave him and other creditors the right to redeem the property, the amount required for such redemption having been determined by the order of July 19th, and it secured the right of subrogation and the appointment of a receiver. Thus *Wolfenden* and his co-petitioners obtained the full benefit of the order made at their request. It is now too late for him to go back of the order of December 17th, thus made for his benefit and at his request, and attack the order of July 19th, upon which it was based.

The case is not, as counsel for appellants contend, like one in which a plaintiff pays a judgment against him and then appeals therefrom, as he lawfully may, but is rather like a case in which a party voluntarily takes the benefit of the provisions of an order in his favor, and then appeals from that portion of it which imposes obligations upon him. This he may not do. *Flanders v. Merrimac*, 44 Wis. 621, and cases cited in the opinion. As before observed, the order of December 17th is based upon that of July 19th, and manifestly would not have been made, or at least executed, until the amount of the *Cases'* interest in the mortgaged assets of the corporation had been ascertained. So the two orders are, in some sense, *in pari materia*, and

a party cannot be permitted to take all the benefits he sought and obtained in one of them, and then overthrow the other by appeal.

As to the appellants *Nieschultz* and *Lee*, they did not become parties to the action until more than six months after the order appealed from was made. This delay was their own fault. The action was brought several years ago in behalf of all the creditors of the insolvent corporation, and they might have become parties thereto had they so desired at any time thereafter. It would be most unjust to the other parties in the action, particularly to the *Cases*, to permit these appellants now to strike back and appeal from any appealable order they find in the record, with which they are dissatisfied. We think, and so hold, that at best they cannot be in any better position than one who was a party to the action when the order of July 19th was made, having due notice of the order at the time it was entered. The right of such a party to appeal therefrom terminated in thirty days after such notice. R. S. sec. 3042. Whether they can appeal from an order made before they became parties to the action is not here determined.

*By the Court.*— The appeal is dismissed.