# Richmond.

BROWN v. HOWARD AND WHITEHEAD, TRUSTEES.

December 6, 1906.

Absent, Buchanan, J.

1. APPEAL AND ERROR—*Parties—Appeal by Commissioner of Court—Interest.*—A special commissioner appointed to make sale of land, but who has no personal interest in the subject-matter of litigation, cannot appeal from a decree setting aside the decree of sale. He is a mere ministerial officer of the court, whose powers and duties cease, *ipso facto,* upon setting aside the decree of sale. So far as it affects him in his capacity of commissioner, the setting aside of a decree of sale is not an appealable grievance in contemplation of section 3454 of the Code.

Appeal from a decree in chancery of the Circuit Court of Amherst county in the suit of *Moore & Thompson* v. *Scott's Admr.,* in which appellees filed a petition to which appellant was made the sole defendant. Decree for petitioners. Defendant appeals.

*Appeal dismissed.*

The opinion states the case.

*Brown & Brown,* for the appellant.

*Whitehead & Whitehead* and *Lee & Howard,* for the appellees.

WHITTLE J., delivered the opinion of the Court.

We are confronted at the threshold of this inquiry by a motion to dismiss the appeal as having been improvidently awarded.

In view of that contention we shall state briefly such facts only as tend to elucidate the question in issue.

For many years, a suit in equity, under the short style of *Moore & Thompson* v. *William P. Scott's Administrator* (the object of which was to subject the assets of the decedent to the payment of debts) had been pending in the Circuit Court of Amherst county. In that case Seth Perrow became the purchaser of a small boundary of land known as the "Mill tract"; and at the April term, 1885, the trial court made a decree appointing the appellant, J. Thompson Brown, a commissioner to resell the land for default in payment of the purchase money. That decree was never enforced, and on the petition of the appellees, Volney E. Howard and J. P. Whitehead, who in their fiduciary capacity claimed the property mediately through Perrow, the court, at the February term, 1905, passed the decree appealed from, setting aside the decree of sale and exonerating the land from the lien for the balance of purchase money alleged to be due upon it. The appellant, as commissioner, was alone made defendant to appellees' petition.

The record fails to disclose that the appellant has any personal interest in the subject matter of litigation; and it is obvious that setting aside the decree for resale does not constitute an appealable grievance, so far as it affects him in his capacity of commissioner, in contemplation of section 3454, Virginia Code, 1904. As commissioner he was a mere ministerial officer of the court, whose powers and duties, *ipso facto,* ceased upon the setting aside of the decree of sale.

The persons directly interested in the questions raised by the petition were the creditors and administrator of William P. Scott, deceased, and, as remarked, they were not made parties. The appeal will consequently have to be dismissed; but the case must be remanded to the Circuit Court of Amherst county for further proceedings to be had therein touching the matters sought to be litigated here, after the proper parties shall have been convened for that purpose.        *Appeal dismissed.*