GRIER et al. v. UNION NAT. LIFE INS. CO.

(District Court, E. D. Pennsylvania.   October 6, 1914.)

No. 423.

1. APPEAL AND ERROR (§ 150*)—RIGHT TO APPEAL—INTEREST—RECEIVERS.
    A receiver is a mere stakeholder, and has no right to appeal from a decree ordering distribution to certain claimants of funds in the receiver's hands as to which it is found that a trust arises in favor of the distributees.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 934–946; Dec. Dig. § 150.*]

2. TRUSTS (§ 377*)—DISTRIBUTION OF TRUST FUNDS—RECEIVERS—APPEAL BY CREDITOR.
    Where a decree determined that certain funds in the hands of a receiver were impressed with a trust and ordered distribution, the costs of an appeal at the instance of an objecting creditor could not be imposed on the fund as a part of the expenses of administration. nor could the receiver be required to advance the expense of the proposed appeal at the instance of the objecting creditor out of the assets in his hands unaffected by the decree, in the absence of the consent of some of the general creditors.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 618; Dec. Dig. § 377.*]

3. TRUSTS (§ 377*)—TRUST FUND—ENFORCEMENT—EXPENSES.
    When many persons have a common interest in a trust property or fund, and one of them, for the benefit of all and at his own cost and expense, sues for its preservation or administration, equity will order that plaintiff be reimbursed his outlay from the property of the trust or by proportional contribution from those who accept the benefits of his efforts.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 618; Dec. Dig. § 377.*]

Suit by one Grier and others against the Union National Life Insurance Company.   On petition for an order on a receiver to pay costs of an appeal.   Denied.

See, also, 217 Fed. 287.

Henry Preston Erdman, of Philadelphia, Pa., for petitioner.
W. W. Mentzinger, Jr., of Philadelphia, Pa., opposed.

THOMPSON, District Judge.   [1] The petitioner proposes to appeal from the decree entered this day ordering distribution to certain claimants of funds in the hands of the receiver as to which it is found that a trust arises in favor of the distributees.   This decree fixes the equities between the general creditors and the claimants to the fund. As to the fund affected by the decree, the receiver is a mere stakeholder and has no right of appeal.   Bosworth v. Terminal R. Association, 80 Fed. 969, 26 C. C. A. 279.

[2, 3] Hence the costs of the proposed appeal cannot be imposed upon the funds in his hands as a part of the expenses of administration.   The petitioner asks for an order upon the receiver to pay in advance the expense of the proposed appeal out of the balance of assets in his hands which is unaffected by the decree.   In this petition a large

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

part of the general creditors have joined, but others, who would be affected by the order sought for, have not joined. It is well settled that when many persons have a common interest in a trust property or fund, and one of them, for the benefit of all and at his own cost and expense, brings a suit for its preservation or administration, the court of equity in which the suit is brought will order that the plaintiff be reimbursed his outlay from the property of the trust or by proportional contribution from those who accept the benefits of his efforts. Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Central Railroad v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915; Hobbs v. McLean, 117 U. S. 567, 6 Sup. Ct. 870, 29 L. Ed. 940.

No such situation exists here, and counsel has not attempted to point out any authority for an order which would reduce the fund in which all of the general creditors have an interest for the purpose of protecting the petitioner from loss, if the appeal should be unsuccessful, without the consent of the creditors who have not joined in the petition, and who will not be benefited if the petitioner fails in his appeal. No precedent for such an order has been called to the attention of the court.

The prayer of the petition is denied, and the petition dismissed.