[Civ. No. 1604.    First Appellate District.—June 22, 1915.]

WILLIAM B. EDWARDS, Respondent, v. WESTERN
    LAND AND POWER COMPANY, Defendant and Re-
    spondent; J. NOBLE JONES, Receiver, Appellant;
    THOMAS F. DUNAWAY, Appellant.

APPEALS—ORDER DISCHARGING RECEIVER—NON-APPEALABLE ORDER.—No
    appeal lies by a receiver from an order discharging him, for two suffi-
    cient reasons: The first is that the code does not provide for such an
    appeal; while the second reason is that a receiver, being the mere
    servant or agent of the court, has no such interest in the action as
    would entitle him to appeal from an order for his discharge.

ID.—SETTLEMENT OF ACCOUNTS OF RECEIVER—APPEALABLE ORDER.—From
    an order undertaking to settle the accounts of a receiver and fixing
    his compensation, the receiver has the right of appeal, but it is held
    in this case that the appellant has no cause for complaint over the
    liberality of the court in dealing with his accounts or allowing him
    or his counsel compensation.

ID.—ORDER DIRECTING RECEIVER TO PAY BALANCE OF MONEY ON HAND—
    NON-APPEALABLE ORDER.—An order directing a receiver to pay what-
    ever balance of money remains in his hands to the defendant, the
    receiver of whose property the appellant was appointed, instead of
    to another party claiming the money, is not an order from which
    the receiver may appeal.

APPEAL from an order of the Superior Court of the City
and County of San Francisco settling the account of a re-
ceiver, discharging him and directing him to pay the money
in his hands to the defendant.    George H. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Archibald Barnard, and Horace W. Philbrook, for Appel-
lant J. Noble Jones.

James Glynn, for Appellant T. F. Dunaway.

Milton L. Schmidt, for Respondent Western Land and
Power Company.

E. Lyders, for Respondent W. B. Edwards.

RICHARDS, J.—This action was commenced by the plain-
tiff and respondent, William B. Edwards, against the defend-

ant and respondent, Western Land & Power Company. The complaint, briefly stated, set forth that the plaintiff is the vice-president and general manager of the defendant, and is also the owner of almost all of its stock; that the defendant is the owner of a large amount of property situated in Lassen County, which, through the neglect of the directors of said defendant to properly attend to its affairs, is in danger of being lost to the defendant, and will be so lost unless the court appoint a receiver to take charge of the property and business of the defendant within the state of California. Wherefore the plaintiff prays for the appointment of such receiver, and also prays for general relief.

Upon the filing of this complaint one Frederick B. Lathrop was appointed *ex parte* receiver, and on the same day he duly qualified as such by taking his oath of office and filing the required bond, and thereupon entered into the possession, custody, and care of the property of the defendant.

The record further discloses that the defendant had purchased a large portion of its said property in Lassen County from one Thomas F. Dunaway for the purchase price of forty thousand dollars, which sum it had borrowed from one H. H. Gallinger of New York City, and had in return therefor given to said Gallinger its promissory note for one hundred and five thousand dollars, secured by bonds issued by the defendant to the amount of three hundred and fifty thousand dollars, which bonds were in turn secured by a trust deed of defendant's said properties, executed and delivered to the Equitable Trust Company of New York City. At the time this action was commenced the sum of $5,246.71, a portion of the original forty thousand dollars purchase price of said property which was to have been paid to Dunaway, was on deposit for him and subject to his order with the said Equitable Trust Company of New York City. Shortly after Lathrop's appointment as receiver he obtained from said Dunaway an order on said trustee for the transfer of said $5,246.71 to him as such receiver. He was able to do this by promising Dunaway that the repayment of the said $5,246.71 to the latter would be secured by receiver's certificates to the extent of such sum and which would constitute a first lien on all the property of the defendant. The money was delivered to said Lathrop as receiver about the middle of March, 1912. On April 1, 1912, the plaintiff filed with the court a petition, charging Lathrop

with dereliction of his duties as receiver, and praying for his removal and for the appointment of some other suitable person as such receiver. Thereupon and on said April 1, 1912, the court made an *ex parte* order vacating and setting aside Lathrop's appointment as receiver, and ordering to forthwith deposit in court all funds, moneys, documents, and effects which had come into his hands as such receiver. On the following day, and on motion of plaintiff, the court made a further *ex parte* order appointing J. Noble Jones receiver, and fixing the amount of his bond. The said Jones immediately qualified as such receiver. On the eighth day of April, 1912, the court made a further order requiring the said Lathrop to deposit with the clerk of the court all moneys received by him since his appointment as receiver, and directing the clerk on receipt of the same to hold possession thereof for one week in order to permit Thomas F. Dunaway to file a claim therefor. Thereupon and on said April 8th the said Lathrop did deposit with the clerk of the court the said sum of $5,246.71, and on April 13, 1912, filed a report and account of his receivership, showing that he had received no other moneys, and that he had expended the sum of $1,739.89 as receiver in the attempted protection and care of the defendant's property. Thereupon and on the same day the plaintiff filed a stipulation signed by his attorney of record, agreeing that the report and account of said Lathrop, showing his expenditure of said sum of $1,739.89 as such receiver, should be allowed and approved; that the attorneys fees of such receiver should be fixed at $786.11; that said sums be paid from the sum of $5,246.71 which had been deposited in court, and that the balance of said last named sum be paid over to J. Noble Jones as receiver of the defendant. Thereupon the court made its order in accordance with such stipulation. On April 13, 1912, Thomas F. Dunaway appeared on the scene of action and filed by leave of the court a petition in intervention, in which he claimed to be the owner and entitled to the possession of the said sum of $5,246.71, and asserted that the orders of the court appointing and discharging said Lathrop as receiver, and also appointing said Jones as receiver, were improvidently made and were null and void as beyond the jurisdiction of the court to make the same. Thereafter and on April 23, 1912, a stipulation was presented to the court, signed by the attorney for the plaintiff, the intervener, the

former receiver, and also by the attorney for H. H. Gallinger, whereby it was stipulated and agreed that the sums aggregating two thousand five hundred dollars, which had been ordered paid to said Lathrop, should be delivered to him, and that the balance remaining of said sum of $5,246.71 in the hands of the clerk be paid to said J. Noble Jones as receiver, and that whatever advances had been made to the defendant by any person or persons, including the said sum of $5,246.71, should be secured to the person or persons advancing the same in the form of a first lien against the assets of the defendant in any reorganization or liquidation of its assets, and that the petition for intervention of said Thomas F. Dunaway should be dismissed without prejudice. Thereupon and on July 9, 1912, the court made its orders for the disposition of said moneys in accordance with said stipulation and dismissing the intervener's petition without prejudice. Thereafter and on July 15, 1912, the defendant which up to this time had been quiescent, and which had never theretofore filed any pleading in the case, appeared, and filed and served a motion for the dismissal and discharge of said J. Noble Jones as receiver, upon the ground that the action was one brought distinctively for the appointment of a receiver, for which action there was no warrant in law, and that the court for that reason had no jurisdiction over the defendant or its property, and hence no jurisdiction to appoint either of said receivers, and that its orders in that respect were illegal and void. Notice of this motion was served upon the plaintiff and the receiver Jones. On the day appointed for the hearing thereof the parties appeared by their respective counsel and after argument the court made an order directing said receiver to file his final account, and thereupon and in obedience to said order the said receiver Jones did file on July 24, 1912, his final report and account, showing that he had received the aforesaid sum of $2,746.71 and no more; that he had expended the sum of $2,725.56, leaving a balance in his hands of $21.15. In his report the receiver incorporated the stipulation between counsel for the several interested parties dated April 23, 1912, and asked that his discharge be subject to the terms of said stipulation. On July 24, 1912, this report and account of receiver Jones came on for hearing before the court, but no definite action was taken thereon. On July 29th the defendant renewed his motion for the dismissal of

the receiver, and for an order disapproving and disallowing his account. On July 30, 1912, the plaintiff made a similar motion for the discharge of the receiver and disallowance of his report and account. On August 5, 1912, both these motions came on for hearing, whereupon receiver Jones filed a long affidavit detailing the tangled affairs of the defendant, and setting forth that the funds of the corporation in his possession were the balance of the original amount received by his predecessor from Thomas F. Dunaway, and hence belonged to the latter, and was being claimed by him. An affidavit was also filed by the attorney for said Dunaway to much the same effect. On the same day said Dunaway filed another petition for leave to intervene, reciting the stipulation upon which his former petition had been withdrawn or dismissed, and claiming that it had not been carried into effect. Upon the hearing of all these matters, made still more involved by the introduction of a mass of oral evidence, the court made an order denying the petition of said Dunaway for leave to again intervene, and also made a further order vacating the appointment of said Jones as receiver, and assailing a number of items of his account, but allowing him for his services as receiver the sum of one thousand dollars, and for the services of his attorney the sum of five hundred dollars, and directing that the sum of $915.12 remaining in his hands be paid to the defendant within ten days from the entry of the order.

From this last-named order the defendant Jones appeals. Thomas F. Dunaway seems to have injected himself into the proceeding as an appellant and has filed two briefs but the transcript contains no notice of an appeal taken by him. As to the appellant Jones, notwithstanding the complications of a voluminous record, his appeal may be disposed of in short order. No appeal lies from that portion of the order of which he complains purporting to discharge him as receiver, for two sufficient reasons: The first is that the code does not provide for such an appeal (Code Civ. Proc., sec. 963); while the second reason is that a receiver, being the mere servant or agent of the court, has no such interest in the action as would entitle him to appeal from an order for his discharge. (*McKinnon* v. *Wolfenden*, 78 Wis. 237, [47 N. W. 436]; 2 Cyc. 641, and cases cited.) In so far as the order of the court undertaking to settle the accounts of the receiver and fix his

compensation is concerned the receiver has the right of appeal, but a somewhat industrious study of the record in this case convinces us that the appellant has no cause of complaint over the liberality of the court in dealing with his accounts or allowing him or his counsel compensation. With respect to that portion of the court's order, which directed the receiver to pay whatever balance remained in his hands to the defendant instead of to Dunaway, the receiver has no interest or concern, and hence no right of appeal.

The order is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.