No. 22,329.

CHARLES A. SMITH et al., *Plaintiffs*, v. THE GOODEAGLE REFINING COMPANY, *Defendant* (GARLAND BIFFLE, as Receiver of the GOODEAGLE REFINING COMPANY, *Appellant;* LESLIE J. LYONS, as Receiver of the KANSAS-OKLAHOMA OIL SYNDICATE, etc., *Appellee*).

SYLLABUS BY THE COURT.

SALE — *Property Sold by Receiver — Consideration Partly Paid — Forfeiture for Default in Payment of Balance Refused—Receiver No Right to Appeal.* A contract for the sale of property was made by a receiver under the order and approval of the court appointing him. About eleven-twelfths of the price of the property was paid by the purchaser to the receiver, but the remainder was not paid nor tendered until about a week after it became due. Upon a tender of the balance, the purchaser asked the court for an order directing the acceptance of the balance of the purchase price, and confirming the sale, as well as requiring the delivery of possession of the property. The receiver insisted upon a forfeiture as against the purchaser for noncompliance with the sale contract, and also asked for a resale of the property. Orders were made denying the application for a resale and also confirming the sale made, and directing the receiver to deliver possession of the property sold to the purchaser. The receiver thereupon attempted to appeal from these orders, and it is held that he did not have the right of appeal.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed June 7, 1919. Affirmed.

*Joseph G. Logan*, of Topeka, *C. A. McNeill*, of Columbus, *Edwin A. Krauthoff*, *W. S. McClintock*, *A. L. Quant*, *C. S. Denison*, and *John L. Kirkpatrick*, all of Kansas City, Mo., for the appellant.

*Robert Stone*, *George T. McDermott*, both of Topeka, *E. H. Gamble*, of Kansas City, Mo., and *H. O. Caster*, of Bartlesville, Okla., for the appellee.

Smith v. Refining Co.

The opinion of the court was delivered by

JOHNSTON, C. J.: A review of the rulings on two motions is sought herein, one of which asked that a sale of property by a receiver be completed and confirmed, and another by an adverse party that the sale be set aside and the property resold.

It appears that the district court appointed Garland Biffle as receiver for the property of the Goodeagle Refining Company; that he sold the refining plant to W. J. Hogue, a promoter of the People's Oil Company, for $57,000; and that the contract of sale was approved by the court. Hogue paid $53,000 of the purchase price, but the balance was not paid when due. Leslie J. Lyons was appointed by another court as receiver of the property of the People's Oil Company, and Hogue, and about a week after the time fixed for final payment for the refining plant Lyons tendered $4,300 as final payment on the plant, but it was refused by Biffle, the receiver. Instead of accepting the tender and delivering possession of the property, Biffle applied to the court for an order to resell the property, alleging that the purchaser had made default in the payment of the purchase price, and also that prior to the purchase Hogue had entered into another contract, with C. A. Smith, a stockholder of the refining company, who undertook to act for all the stockholders of the company, by which Hogue was to pay Smith $5,000 in cash and $19,000 in the stock of another company, and it was alleged that this contract constituted a part of the sale contract. Biffle further alleged that since the sale of the refinery to Hogue he had learned of other debts of the company, and therefore asked for a resale of the property in order to meet the additional indebtedness. In his averments Biffle contended that the contract of sale had been terminated by the default of Hogue, also that the contract between him and Smith was a part of the sale contract, and, further, that by the failure of Hogue to carry out the provisions of the Smith agreement he had forfeited his rights under the sale contract. On the other hand, Lyons, on behalf of the purchaser, claimed that there had been a substantial compliance with the terms of sale, as $53,000 of the price had been paid in good time, and had already been disbursed by the receiver, and, further, that the balance of $4,300 was tendered only about a week after it be-

came due; and there was the further contention that the Smith contract had never been completed, as it had never been approved by the trial court; and, besides, that Smith had no authority to contract for the stockholders he assumed to represent. The trial court, upon the testimony produced, held that the Smith contract could not be considered as a part of the sale contract; that it had never been completed, had never been approved nor even seen by the court; and, further, that since eleven-twelfths of the purchase price had been paid, and the remaining one-twelfth only became due about a week before it was tendered, it would be inequitable to declare a forfeiture of the $53,000 paid, which had never been returned or offered to be returned, and therefore the receiver, Biffle, was ordered to accept the balance of the purchase price and complete the contract of purchase by transferring and delivering the property to the purchaser. The motion of the receiver asking for a resale of the property was therefore denied.

The first question presented is the right of the receiver to prosecute this appeal. The proceeding is only an incident in the case of *Charles A. Smith et al. v. The Goodeagle Refining Company*, in which Biffle was appointed the receiver. The action was not brought by or against the receiver. He had made a sale of property on the order and approval of the court, and is now resisting an order made by the same court directing him to complete the sale. As the order made did not affect him, either as to compensation or expenses of administration, and did not involve any personal interest of his, he had no right to complain of or to contest with the court the propriety or validity of its order. He is no more than an officer or arm of the court under whose authority he is acting. Cases are cited in which a receiver having the custody of property was sued by an intervening party charging wrongful action in the administration of the estate by the receiver, thereby making him an adversary party, and hence an appeal was allowed. (*Felton v. Ackerman*, 61 Fed. 225; *Bosworth v. Terminal R'd Association;* 174 U. S. 182.) In the present case there was no intervention of claimants or outside parties, and the receiver did not stand in the attitude of an adversary party, unless he can be called an adversary of the court under whose authority he was acting. It was his duty not to antagonize, but to carry

into execution the orders of that court. The general rule is
that, in the absence of statutory authority, a receiver cannot
institute a legal proceeding without leave of the court (23 R. C.
L. 124), but the holding herein is not rested on the failure of
the receiver to apply for leave to appeal. In the Felton and
Bosworth cases cited the actions were brought against the re-
ceivers by outside parties and leave to appeal was granted by
the courts. In the Bosworth case it was held that a receiver
might appeal when an order was made affecting him person-
ally, or where a claim was made antagonistic to both of the
parties to the action, but that he could not appeal from an
order or judgment declaring the rights of the respective par-
ties to the suit, nor from any order or decree resting in the
discretion of the court appointing him. As between the par-
ties to a litigation, the receiver is deemed to be indifferent,
and in a contest between them as to the division or disposition
of property he has no right to take sides or to prolong the
litigation. Matters of this kind are to be determined in ac-
cordance with the judgment and discretion of the court. The
parties whose rights are affected and who are aggrieved are
the ones to appeal, if any appeal is to be taken. (*Knabe v.
Johnson,* 107 Md. 616.) In *Hinckley v. Gilman, etc., R. R. Co.,*
94 U. S. 467, it was held that an appeal might be allowed from
an order fixing the compensation of a receiver and the settle-
ment of his accounts, but that he was not entitled to ask for a
review of any order or decree of the court relating to the title
of the property or to the possession taken under a sale of the
property. In the present case a sale of the property had been
made by the receiver under the direction of the court, most of
the compensation had been paid to and had already been dis-
bursed by him, and it was not for him to determine whether
a forfeiture should be enforced because the purchaser was a
few days late in tendering the small balance that remained
due; that was a question involving considerable discretion in
the court, and was one for the court, and not the receiver, to
determine. He is in much the same attitude as a sheriff who
has made a sale of property under a mortgage foreclosure, or
of a trustee who has made a sale under an order of a court, and
where it is claimed that a mistake was made by the court in

confirming the sales made. In such a case the sheriff or the trustee is not the one to complain, but it is rather for the parties who may be affected or aggrieved.

In *Brown v. Howard,* 106 Va. 262, it was held that a special commissioner appointed to sell land was a mere ministerial officer of the court, and that he could not appeal from an order setting aside a decree of the court to make a sale of property, which he was not permitted to do, and he undertook to appeal from that part of the decree relating to the sale; but it was held that he had no such interest as entitled him to appeal. (*Green v. Harrison,* 59 N. C. 253.) It has also been ruled that when a receiver applied for an order authorizing him to sell property to pay debts, which he had contracted in the administration of the estate, and the application was denied, he had no right to complain, as that was a matter resting in the discretion of the court. (*In re Premier Cycle Mfg. Co.,* 70 Conn. 473. See, also, *Sutton v. Weber,* 100 Ill. App. 360; *Polk v. Johnson,* 35 Ind. App. 478; *Foreman v. Defrees, Brace & Ritter,* 120 Ill. App. 486; *Smith v. Warrenfeltz,* 116 Md. 116; 3 C. J. 653.)

No reason is seen why the parties affected by the order may not appeal if reason for complaint exists. In an examination of the record it would appear that if the appeal had been presented by one having an appealable interest, we must have held that there was no substantial error in the orders made by the court. The testimony tends to show that the so-called Smith contract was never completed nor approved and did not become a binding obligation, and further, that it never constituted a part of the contract of sale, nor does it appear that there was anything inequitable in the action of the court in refusing to declare a forfeiture because of the default of the purchaser for a few days in the payment of the small balance due after he had paid $53,000 of the purchase money. Especially is this true where it appears that the amount paid had never been restored nor tendered, but, on the other hand, had been disbursed by the receiver. It does not appear that the purchase price was inadequate, nor that any good grounds were shown for a refusal to confirm the sale.

Judgment affirmed.