## COX–RUSHING GREER CO. v. RICHARD-SON. (No. 6947.)

(Court of Civil Appeals of Texas. Austin. Nov. 18, 1925.)

**1. Receivers ⬤➡71—Property held in custodia legis.**

Where owner in possession of business property merely formally contested appointment of receiver, and thereafter accepted employment from, and delivered key of building to, receiver, and permitted him to collect rents, property was in custodia legis.

**2. Appeal and error ⬤➡87(4)—Receivers ⬤➡74—Court had discretion to refuse to punish purchaser for contempt for moving into building in receiver's constructive possession.**

Where owner of property in receiver's possession, which was set aside as owner's homestead by federal bankruptcy trustee, conveyed property to A., court had discretion to refuse to punish A. for contempt in moving into building pending adjudication of title and right to possession, and order refusing to do so was not appealable by receiver.

**3. Receivers ⬤➡164—Receiver may sue and defend suit affecting property in his custody.**

Under Rev. St. 1925, arts. 2297, 2308, 2310, receiver may maintain or defend any suit affecting property in his custody in any court.

**4. Receivers ⬤➡164—Receiver is proper party to sue or defend suit, where claim affects interest of all parties alike.**

Where claim asserted by or against receiver affects interests of all parties to property alike, receiver is proper party to bring or defend action.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Suit by the Cox-Rushing Greer Company against George Richardson, wherein a receiver of defendant's property was appointed. From an order dissolving a mandatory injunction against W. A. Anderson and denying the receiver's application that said Anderson be adjudged in contempt of court, the receiver appeals. Appeal dismissed.

Wright & Matthews and Hill & Hill, all of San Angelo, for appellant.

M. E. Sedberry, of San Angelo, and Snodgrass, Dibrell & Snodgrass and J. B. Dibrell, Jr., all of Coleman, for appellee Anderson.

McCLENDON, C. J. The appeal in this case is by M. B. Pulliam, in his capacity as receiver of the property of George Richardson, from an order of the court appointing him dissolving a mandatory injunction

against W. A. Anderson, and denying the receiver's application that Anderson be adjudged in contempt of court. The application for mandatory injunction was made by the receiver, and it sought to require Anderson to vacate and turn over to the receiver certain real property in the town of San Angelo. The order dissolving the injunction recited that it was without prejudice to the rights of the parties to litigate the issue of title to the property, and to establish the right of possession thereto in an independent action, and that nothing in the order should be held to adjudicate any issue affecting such title or right of possession.

At the outset we are met with a counter proposition by appellee, questioning the right of the receiver to appeal from the order. This counter proposition is not briefed by appellant, and the only authorities cited by appellee are 34 Cyc. pp. 185–187, and High on Receivers, pp. 2 and 231. The question presented is one not free from doubt, but, after a very careful study of the many authorities we have been able to find upon the subject of the right of a receiver to appeal from an order entered by the court appointing him, we have reached the conclusion that the right does not exist in the present case, and for that reason the appeal should be dismissed.

The facts in the case which are pertinent to the issue thus raised may be briefly stated as follows:

Early in 1922, upon the application of certain creditors, a receiver of the properties of George Richardson was appointed by the district court of Tom Green county. The receiver later resigned, and Pulliam became his successor by appointment and qualification. Up to about the time of the application for receiver, and for many years prior thereto, Richardson was engaged in the wool commission business, and had large ranching interests in West Texas. The property in question was business property in San Angelo, and a part of it, at least, was used and occupied by Richardson as a place of business, and there seems little doubt but that up to that time, or very shortly previously, it constituted his business homestead. He was then and had been for many years a married man, and had a residence homestead in San Angelo. The property, however, was listed among his assets, and was included in the decree of court appointing the receiver as a part of the property over which the receivership should operate. The record shows that Richardson formally contested the application for receiver, but it conclusively appears that this contest was merely formal, and that the decree was consented to by him, and was the result of an agreement between his attorneys and attorneys for the petitioning creditors to the effect it was for the best interest of Richardson and his creditors that his properties be handled in this way. At that time Richardson owned property, both personal and real, which the creditors in their petition alleged to be of the fair value of over $800,000, and his total liabilities amounted to over $600,000, leaving an equity in his favor of about $208,000. The only difference between Richardson and the petitioning creditors in this regard was as to the valuation placed upon his assets; his own valuation being about $100,000 higher than that of the creditors, which would make his equity then worth something over $300,000. The petition, however, recited, and the decree adjudged, that in order to preserve his estate and prevent its being sacrificed receivership was necessary. The cause of this danger of sacrifice was alleged and found to be the fact that he had large notes due or becoming due that he was unable to meet, and there was past-due interest on certain mortgages owing by him that he could not pay, and that he could not raise money at that time on account of financial conditions generally in the country. But it was alleged that with proper management through a receiver the estate would be preserved, and would pay off all indebtedness, and leave a balance in his favor.

The receiver took possession of all of the property listed in the creditors' petition and decree of court, including the property in question, and Richardson was employed by the receiver to assist him in managing the estate at a salary of $150 per month, and continued in such employment until about June, 1923. Richardson always retained one key to the building on the property and delivered another key to the receiver. The rents derived from the property were collected by the receiver or his agents, and went into the funds in his hands constituting the estate. Some time later Richardson applied to the court for an order terminating the receivership and turning the property back to him, but this application was denied.

In June, 1923, Richardson filed a voluntary petition in bankruptcy in the federal court; was adjudged a bankrupt; and an order was shortly thereafter entered confirming a report of the trustee which set aside the property in question to Richardson as his homestead. The trustee appeared in the receivership proceeding for the purpose of directing the court's attention to the bankruptcy proceeding, and suggesting that the receiver be required to surrender possession of all the property in his hands to the trustee. The court, however, declined to entertain this suggestion. Thereupon the trustee made application to the United States District Court for an order requiring the trustee to turn over the property to him. The federal court, however, denied this application. Shortly after the order confirming the trustee's report setting aside the property in question to Richardson as his homestead, Richardson and wife conveyed the property to Anderson,

who moved his family into the upper story of the building on the property, where he and his family have remained ever since. The application for mandatory injunction and for contempt order was based upon Anderson's action in taking and retaining possession of the property.

It is clear from the order appealed from that there was no attempt on the part of the trial court to adjudicate the title to the property or the receiver's right to possession, and the only question involved is the propriety of the order dissolving the mandatory injunction, which required Anderson to surrender possession to the receiver, and the refusal of the trial court to punish Anderson for contempt.

[1, 2] While Richardson testified that he never surrendered possession of the property to the receiver, and the contention is seriously urged by appellee that the property never was in custodia legis, we think it is clear that such is not the case. Richardson unquestionably was in possession of the property at the time the decree was entered and the receiver took charge. He was a party to that proceeding, and the decree was virtually entered with his consent. His action in that regard and also in accepting employment from the receiver, delivering him the key to the building, and permitting the receiver to collect the rents, is susceptible of no other construction than that the receiver was placed in possession and control of the property, and it thereby came into the custody of the court. At the time Anderson moved into the upper story, however, no one was physically occupying it, and, although his action was an unwarranted interference with the constructive possession of the receiver, we think it was entirely a matter of discretion with the court whether he would enter an order holding Anderson in contempt and punishing him therefor. The refusal of the court to do so was clearly a matter of which the receiver could not complain.

The court unquestionably had the power to require Anderson to surrender possession of the property to the receiver. The court's custody had attached, and the receiver had gone into actual possession in an orderly way. Any one claiming the property adversely to the receiver had the right to make application to the court to require the receiver to deliver it to him, or to bring an action against the receiver for possession of, as well as title to, the property. And the court had the power to require this possession to be restored to the receiver and to require the claimant to make such application or file such proceeding in an orderly way, and, if such had been the order of the trial court, we see no reason why it should have been disturbed.

We have reached the conclusion, however, that the court had the discretion upon hearing of the application to permit Anderson to retain possession pending adjudication of the title to and right of possession of the property in a plenary suit brought for that purpose. It is clear that the question of title could not be determined in a summary proceeding of this character, and this is the express holding of the trial court.

[3] Article 2297, R. S. 1925, provides:

"The receiver shall have power, under the control of the court, to bring and defend actions in his own name as receiver, to take charge and keep possession of the property, * * * and generally to do such acts respecting the property as the court may authorize."

Article 2310 provides that, when property in this state is in the hands of a receiver who has taken charge of such property, he may in his official capacity sue or be sued in any court of this state having jurisdiction of the cause of action without leave of the court appointing him. Article 2308 requires the receiver to give bond "in a suit against a receiver, if the receiver desires to appeal or apply for a writ of error from judgment rendered against him." Under these statutes there can be little question of the receiver's power to maintain or defend any suit affecting the property placed in his custody whether brought in the court appointing him or any other court of competent jurisdiction.

Originally a receiver could not sue or be sued except by permission of the court appointing him, but this rule has been changed by statute or court construction in most, if not all, of the jurisdictions in this country, and the general right of a receiver to sue or be sued appears to be recognized. However, there are certain well-defined limitations which are quite generally recognized upon the powers of a receiver to question the orders of the court appointing him. These exceptions and limitations arise out of the very nature of the appointment and purposes of the receivership.

In Bosworth v. Terminal Association, 174 U. S. 182, 19 S. Ct. 625, 43 L. Ed. 941, Mr. Justice Brewer defines the duties and powers of a receiver in this regard, and lays down the following rules:

"(1) A receiver may defend, both in the court appointing him and by appeal, the estate in his possession against all claims which are antagonistic to the rights of both parties to the suit.

"(2) He may likewise defend the estate against all claims which are antagonistic to the rights of either party to the suit, subject to the limitation that he may not in such defense question any order or decree of the court distributing burdens or apportioning rights between the parties to the suit, or any order or decree resting upon the discretion of the court appointing him."

"(3) Neither can he question any subsequent order or decree of the court distributing the estate in his hands between the parties to the suit."

With reference to the limitation under the second paragraph, the court states that a receiver cannot question by review the terms of the order of his appointment, or the limitations or conditions made by the court with reference to his powers over the property placed in his custody. These are matters with which the receiver as such has no concern, and when he accepts the appointment he accepts it subject to such conditions and limitations.

While a receiver may bring or defend an action which affects the estate in his hands from the viewpoint of the parties to the suit, as a whole, it is quite generally held that as between the respective parties to the litigation the receiver is an indifferent person, and orders and judgment of the court giving preference or priority, or turning over specific property to one or more of the litigants, are matters in which the receiver, as such, has no interest and must be litigated by the parties affected thereby. Polk v. Johnson (Ind. App.) 76 N. E. 634; Bank v. Bunting, 7 Idaho, 27, 59 P. 929, 1106; McKinnon v. Wolfenden, 78 Wis. 237, 47 N. W. 436; Dorsey v. Sibert, 93 Ala. 312, 9 So. 288; Herrick v. Miller, 123 Ind. 304, 24 N. E. 111; Stanton v. Andrews, 18 Ill. App. 552; How v. Jones, 60 Iowa, 70, 14 N. W. 193; Grier v. Ins. Co. (D. C.) 217 F. 293; Finch v. Le Sueur, 134 Minn. 376, 159 N. W. 826; Esmeralda County v. Wildes, 36 Nev. 527, 137 P. 400; Ruhl v. Ruhl, 24 W. Va. 279; Beilman v. Poe, 120 Md. 444, 88 A. 131; Smith v. Refining Co., 105 Kan. 148, 181 P. 552; Edwards v. Power Co., 27 Cal. App. 724, 151 P. 16; Pulver v. Piano Co., 135 Minn. 286, 160 N. W. 781; 3 C. J. p. 653 et seq.; High on Receivers, p. 231.

[4] On the other hand, where the claim asserted by or against the receiver affects alike the interest of all parties to the suit in the property, the receiver is the proper party to bring or defend the action. Bosworth v. Terminal Association, above; McGregor v. Bank, 124 Ga. 557, 53 S. E. 93; Esmeralda County v. Wildes, above.

The receiver in the present case was appointed to take charge of the property of Richardson for the benefit both of the creditors and Richardson. The latter was a party to the suit as well as the creditors and the order of appointment defined the property the receiver was to take charge of. Under the principles announced in these cases, if the court had originally excluded the property in question from that to which the receivership extended, the propriety of such order would not be a matter in which the receiver was interested, but would constitute a con-

troversy between the petitioning creditors and Richardson. Clearly, also, we think that any subsequent modification of the order of appointment which would eliminate the property in question from the receivership would be a matter in which the receiver was an indifferent person as between the parties litigant. So long as the original order requiring the receiver to hold such property was in force, it was the duty of the receiver to protect his possession, and it was clearly his duty to call Anderson's action to the attention of the court as he did in this instance. But, when the court entered its order declining to restore possession to the receiver, the interest of the latter in the matter ended. Anderson was an assignee of Richardson, and merely occupied his shoes in the transaction, and the controversy as to the propriety of the order was one solely between Anderson and the petitioning creditors.

There is another ground, we think, on which the receiver should not be heard to question the order of the court. It is clear from that order that the court did not adjudicate or attempt to adjudicate the title to the property or the right to its possession, but merely declined to require its restoration to the receiver, and the parties are expressly left free to litigate in a plenary action such title and right of possession. Only the immediate possession of the property was affected by the order. There is no showing that any injury would accrue to any one connected with the litigation by leaving the possession in Anderson. There was no suggestion of waste, loss of revenue, or Anderson's inability to respond in case of detriment to the estate by virtue of his possession. The question of title to the property and the right to subject it to the claims of creditors was, to say the least, questionable. The receiver could hardly effect an advantageous sale, if sale were necessary, without an adjudication of the title as it was affected by the homestead claim, and this is equally true regardless of whether the actual possession were in the receiver or Anderson. Under all the circumstances we think it was a matter resting within the discretion of the court whether he would require the possession restored to the receiver or leave it in Anderson pending settlement in a proper judicial tribunal of the controversy existing over the title. This discretion, we think, was not susceptible of review of the receiver.

For the reasons stated, the appeal is dismissed.

Appeal dismissed.