### BEULAH PARKER V. BLAKE DUPREE, RECEIVER.

Delivered March 3, 1902.

**Receiver—Negligence—Action for Death—Corporation.**

The statute giving a right of action for the death of any person caused by the wrongful act, negligence, or default of another does not make the receiver of a private corporation other than a railway liable as such for death caused by his negligence.

Appeal from Harris. Triew below before Hon. Chas. E. Ashe.

*J. L. Meany, O. T. Holt, L. B. Moody,* and *Spotts & Amerman,* for appellant.

*Hutcheson, Campbell & Hutcheson,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by the appellant, Beulah Parker, against Blake Dupree, as receiver of the Citizens Electric Light and Power Company, to recover damages for the death of her husband, which was alleged to have been caused by the negligence of the receiver in failing to properly insulate the electric light wires. It

was averred that the husband, who was an employe of the receiver, was killed by contact with an improperly insulated live wire.

The receiver specially excepted to the petition on the ground that it appeared to be a suit against the receiver of a private corporation as such for damages for injuries resulting in death, and therefore was insufficient in law and showed no cause of action. The trial court sustained the special exception, and appellant, declining to amend, has brought the judgment here for revision. The question presented is, does the law give an action against a receiver of a private corporation for injuries due to the negligence of the receiver resulting in the death of the person injured? It is conceded that the action can not be maintained unless given by statute. It is conceded also that the first subdivision of article 3017 of the Revised Statutes has no bearing upon the question, for in so far as it bears upon the liability of receivers it is confined to receivers of railroads.

Appellant bases her right to recover upon the second subdivision, which, together with the opening clause of the article, is as follows: "An action for actual damages on account of injuries causing the death of any person may be brought in the following cases. * * * 2. When the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another."

It is contended that the receiver is a "person" in contemplation of the section quoted, and because the death of deceased is alleged to have been due to the negligence of the receiver and not to his agents and employes, he is liable in his official person and the action survives. It has been held that a private corporation is a "person" within the meaning of this article, and as such liable for injuries resulting in death from what may be deemed its own wrongful acts or omissions as distinguished from the acts or omissions of its servants or agents. Fleming v. Texas Loan Agency, 87 Texas, 238. In Hendrick v. Walton, 69 Texas, 192, it was held that the second section quoted above gives no action against the principal or master for a death caused by the act of the agent or servant. In Lipscomb v. Railway, 64 Southwestern Reporter, 923, it is held that express companies, though common carriers for hire, do not come within the first subdivision of the article, as they are not mentioned therein eo nomine and the articles do not provide for the liability of common carriers as such, but applies to certain characters of named concerns coming within that class. Though express companies would come clearly within the provision of the second section, yet in the case cited the court recognized the soundness of the doctrine announced in the Fleming case, supra, and denied liability as to the express company, because the acts complained of were alleged to have been done by the agents and servants of the express company, and not by the company itself.

The right of action for injuries resulting in death is wholly the creature of the statute, and the authorities cited above, though not bearing directly upon the question presented, are cited to show how careful the

courts have been not to give by implication what the statute fails to give in express terms, and how steadfastly the courts have refused to go beyond the letter of the law.

In Turner v. Cross & Eddy, 83 Texas, 218, our Supreme Court, in construing the first section of the article as the law then stood, held that the section did not apply to receivers of railroads, and recovery for an injury resulting in death due to the negligence of a receiver of a railroad was denied. By a subsequent amendment receivers of railroads were included in the first section of the article. Section 2 of the article amended was then existent and in force, and it is worthy of remark that its provisions were not disturbed by the amendment and that only the receivers of railroads were brought within the provisions of section 1. It is also to be observed that section 2 of the article was not referred to by Chief Justice Stayton as a possible basis for the action against the receiver in Turner v. Cross & Eddy, supra.

The action being purely statutory, the court must be controlled by the expressed intention of the Legislature as gathered from the language of the article construed in the light of decisions and established rules of construction. We conclude that since the first section as it stood in 1892 gave no right of action against the receiver of a railroad for injuries resulting in death, for a stronger reason it must be held that no such right is given by the second section against receivers of other corporations. A receiver as such may be said to be without personality. He is the mere agency of a court of equity through whom the property is handled and controlled, and has no personal interest in the property in his custody. Actions against him for his negligence are in law actions against the receivership or the funds in his hands. McMelta v. Lockridge, 141 U. S., 327.

If the doctrine declared in the cases cited supra is sound, and the article gives no action for the acts of the agents and servants of a private corporation where death results, it would be the acme of unreason to hold the funds of the concern responsible for the negligence of a receiver over whose appointment, retention, or discharge the owners of the fund have no control. The allegations that the negligence is that of the receiver himself is without significance and does not change the rule. The appellant has failed to bring her case within the class covered by the statute, and the trial court properly sustained exceptions to the petition and dismissed the action. It is difficult to perceive why an action for injuries resulting in death may not be maintained against the receiver of the private corporation in question as well as against the receiver of a railroad. The reasons for liability are doubtless as cogent in the one case as the other. But as is well said by Chief Justice Stayton in Turner v. Cross, supra: "It is the duty of the court to administer the law as it is written, and not to make the law, and however harsh a statute may seem to be or whatever may seem to be its omissions, courts can not on such considerations by construction restrain

its operation or make it apply to cases to which it does not apply, without assuming functions which pertain solely to the legislative department of the government."

The judgment is affirmed.

*Affirmed.*