### UNITED STATES v. POLLARD.
### No. 9581.

Circuit Court of Appeals, Fifth Circuit.

Oct. 22, 1940.

Wm. B. Waldo, Atty. Dept. of Justice, of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst.

to Atty. Gen., and Dunbar Harrison, Asst. U. S. Atty., of Savannah, Ga., for appellant.

T. M. Cunningham and George O'Donnell, both of Savannah, Ga., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Pollard is receiver of the Central of Georgia Railway Company by appointment of a United States District Court. Pursuant to a borrowing agreement with the United States to put him in funds to purchase 3,000 tons of rails, he, under the authority of the court, issued receiver's certificates. The Central of Georgia Railway Corporation neither made, nor was a party to, the agreement, nor issued the certificates. Internal revenue stamps having been purchased and placed on the certificates, the receiver filed a claim for refund on the ground that having been issued by a receiver and not "by any corporation", they required no stamps. The claim denied, this suit was brought and there was a judgment for the receiver. The sole question presented below and here is under the statute and regulations, Did the certificates require stamps? The determining words of the act[1] are, "issued by any corporation", of the regulation 71, Article 20, "A certificate of indebtedness issued under order of a federal court by a receiver for a corporation is subject to tax."

In United States v. Powell,[2] the Fourth Circuit in a precisely identical case, held that the statute, because taxing certificates, only when "issued by any corporation" does not make taxable, receiver's certificates and that the regulation may not extend the statute.

We agree with the views therein expressed and to the cases there cited add the following: McNulta v. Lochridge, 141 U.S. 327, 12 S.Ct. 11, 35 L.Ed. 796; Turner v. Cross, 83 Tex. 218, 18 S.W. 578, 579, 15 L.R.A. 262; and Parker v. Dupree, 28 Tex. Civ.App. 341, 67 S.W. 185, where the status of the receiver in relation to the corporation is clearly and well set down.

Turner v. Cross, supra, and Parker v. Dupree, supra, were suits on statutory causes of action. In both it was held that a receiver is an officer of the court that appoints him, that when lawfully appointed, he is not the representative of the company or person whose property has been placed in his possession and under his management, but of the court and his action when lawful and authorized, is that of the court of his appointment.

The judgment was right. It is affirmed.

---

[1] Schedule A1, Title VIII, § 800 et seq., Rev.Act of 1926, 26 U.S.C.A. Int. Rev.Acts page 288.

[2] 95 Fed.2d 752, 754, certiorari denied 305 U.S. 619, 59 S.Ct. 79, 83 L.Ed. 395.