**MOORE, former Collector of Internal Revenue, v. STEWART et al.**

No. 8858.

Circuit Court of Appeals, Sixth Circuit.

Feb. 5, 1942.

George H. Zeutzius, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and George H. Zeutzius, Sp. Assts. to Atty. Gen., and Emerich B. Freed and Francis B. Kavanagh, both of Cleveland, Ohio, on the brief), for appellant.

Paul L. Holden, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for appellees.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

The sole question presented in this appeal is whether certain certificates of indebtedness issued by the trustee of railways in corporate reorganization are subject to documentary stamp tax under title 8, Section 800, and Schedule A-1, of the Revenue Act of 1926 as amended, 26 U.S.C.A. Int. Rev.Acts, pages 284, 288, which so far as material read as follows:

Sec. 800. "On and after the expiration of thirty days after the enactment of this Act there shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in Schedule A of this title * * * by any person who makes, signs, issues, sells, removes, consigns, or ships the same, or for whose use or benefit the same are made, signed, issued, sold, removed, consigned, or shipped, the several taxes specified in such schedule. * * *

"Schedule A.—Stamp Taxes

"1. Bonds of indebtedness: On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 10 cents * * *."

Jury trial was waived in writing and the case was heard by the court, which concluded as a matter of law that the certificates were not taxable under the Act because they were not issued by the corporations.

The facts are stipulated, and in so far as material, are as follows:

In 1933 the Akron, Canton & Youngstown Railway Company and the Northern Ohio Railway Company instituted voluntary reorganization proceedings in which H. B. Stewart was appointed temporary

trustee with all the powers of trustees appointed pursuant to the bankruptcy laws. The order of the court gave the trustee broad powers of management and enjoined the debtors, their officers and agents, from interfering with the trustee's operation. The trustee's appointment was later made permanent and the certificates of indebtedness in question here were issued by the trustee pursuant to court order for the purpose of raising funds to replace some 50 miles of track between Delphos and Carey, Ohio, which was part of the debtors' railway system. Under a 999-year lease the debtors were obligated to keep the track in repair and to renew it whenever necessary. The order of the court authorized the trustee to apply to the Federal Emergency Administration of Public Works for a loan to finance the track replacement, to secure the approval of the Interstate Commerce Commission, and to apply for authorization from the Commission to issue the certificates. Under the court order the certificates were made a first lien upon all the properties, franchises and income of the railroads.

It was stipulated that the certificates fall within the class "known generally as 'corporate securities'" (Schedule A-1), being printed in the usual form, registered, numbered and assignable by endorsement. The money secured by their issuance was used for the contemplated track replacement.

The trustee having attached revenue stamps in the amount of $380 to the certificates, filed a claim for refund, which was rejected. Thereafter this action for refund was instituted by the appellees, who are successor trustees to H. B. Stewart.

As it is conceded that the certificates were issued for the benefit of the debtors, that they constitute a first lien upon the debtors' property, and that they are certificates of indebtedness known as corporate securities, in these respects they fall within the class of securities taxable under Section 800 and Schedule A-1. The sole question is whether the District Court erred in holding that they are not subject to the tax because they were not issued by a corporation. The court considered that the debtors were ousted of control over their property; that the power of the trustee to issue such certificates required no corporate action to support it, and that these certificates were not intended by the Congress to be and were not made subject to the tax.

If this were a new question, it might be considered a border-line case, and possibly within the purview of the Act. The railroads were ousted of possession by the operation of the bankruptcy laws, and the proceeds of these certificates were used to preserve the debtors' properties and were secured for them by their representative, who is charged with carrying on the operation of the properties. It would therefore appear that that part of Section 800 which requires the tax for such instruments to be paid "by any person who * * * signs, issues * * * the same, or for whose use or benefit the same are made, signed, issued * * *" clearly applies. Reading this portion of the statute together with Schedule A-1, a reasonable construction might be that the securities are taxable and the tax is to be paid either by the trustee who signed and issued them, or by the debtors for whose benefit they were issued. Schedule A-1, however, which specifically covers this situation, provides that the tax shall be laid upon securities issued by any corporation, and thus seems inconsistent with the provision of Section 800 which would apply the tax to securities not issued by the corporation, but issued for its use and benefit.

■ In view of the apparent conflict between Section 800 and Schedule A-1, we are impressed by the fact that under the Revenue Acts of 1918, 1921, and 1924, 40 Stat. 1135, 42 Stat. 303, and 26 U.S.C.A. Int.Rev.Acts, page 106, the tax was laid upon such certificates "issued by any person," and that this was amended in the Revenue Act of 1926, here in question, to read "issued by any corporation." We cannot assume that this change means nothing, particularly in view of the fact that in a conference report in Congress upon the proposed amendment it was pointed out that the House Bill imposed a stamp tax upon bonds issued by both persons and corporations, while the Senate amendment limited the stamp tax to "those issued by corporations," and the House receded, the Senate amendment being adopted. H. Conf. Rep. No. 356, 69th Cong., 1st Sess., p. 52 (1939-1 Cum.Bull.Pt. 2, 377).

■ We conclude that Congress intended in the enactment of Schedule A-1 to exclude a tax upon securities not issued by a corporation. The logical reason for this enactment is found in the fact that Congress, bearing in mind the financial difficulties of corporations in reorganization, evidently intended that certificates issued dur-

ing the time of financial stress should not be taxed.

The Fourth Circuit, in United States v. Powell, 95 F.2d 752, a case involving the same question as to certificates issued by the receiver of a railway, held that the statute did not apply. Application for certiorari was made in this case and denied, 305 U.S. 619, 59 S.Ct. 79, 83 L.Ed. 395. A like holding was made as to certificates issued by the receiver of a railroad in United States v. Pollard, 5 Cir., 115 F.2d 134. The Powell case was decided in 1938, and Congress has had ample opportunity to amend the statute if the construction adopted in that decision was considered erroneous.

We see no essential difference so far as this problem is concerned between certificates issued by a receiver and those issued by a trustee. Under Title 11, Section 586, U.S.C., 11 U.S.C.A. § 586, a trustee is vested with the same rights, is subject to the same duties, and exercises the same powers as a trustee appointed under Section 72 of the Title, and under Section 587, if authorized by the judge, shall have and may exercise such additional rights and powers as a receiver in equity would have. Corresponding provisions were contained in former Bankruptcy Acts. This indicates that the powers of the trustee as set forth in Section 75 are considered by Congress to be less broad than those of a receiver in equity. However, the court's order of appointment, although not using the words of the statute, granted the trustee very broad powers, in effect equivalent to those of a receiver in equity.

The judgment is affirmed.