**UNITED STATES  v.  STEPHENS.**
**No. 14470.**

United States Court of Appeals
Fifth Circuit.
Nov. 18, 1953.

Louise Foster, Ellis N. Slack, Sp. Assts. to the Atty. Gen., Charles S. Lyon, H. Brian Holland, Asst. Attys. Gen., J. Saxton Daniel, U. S. Atty., Savannah, Ga., William T. Morton, Asst. U. S. Atty., Augusta, Ga., for appellant.

Claude R. Caldwell, Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging: that the Mulherin-O'Connor Roofing Co., Inc. was indebted to it for withholding and employment taxes; and that "it had become insolvent and in a state court proceeding defendant

had been appointed its receiver"; plaintiff, invoking the provisions of Sections 3466 and 3467,[1] brought this suit to hold defendant personally liable therefor.

While set out with greater fullness and particularity in its complaint, its claim in substance was: that Section 3466 gave absolute priority to its claim; that defendant, refusing to pay plaintiff's claim, had completely exhausted and depleted the funds and assets of the debtor company by paying claims of other creditors, and thus had, under Section 3467, "become answerable in his own person and estate to the extent of such payments for the debts due the United States."

The defendant filed its answer, setting up as its primary defense; that everything that defendant has done or would do, has been and would be done as the court's receiver, and under and pursuant to its orders; that a receiver appointed by a state court for the property of a corporation is merely an officer and instrumentality of the court; that a receiver is neither mentioned by name in the statute nor included therein by description or intendment; and that defendant, while acting as receiver, was not included in, and, is, therefore, not subject to suit under the statute.

Other defenses were: (1) that a final judgment of the state court had barred the United States from further litigating its claim; and (2) an allegation that he has sufficient funds in his possession as receiver to pay plaintiff's claims but that they are held by him subject to, and must and will be disbursed by him under the orders of the state court as set out in the exhibits attached to plaintiff's complaint.

Thereafter defendant moved to dismiss on the grounds: (1) that, as appears from the complaint, defendant was a receiver of a state court and was not subject to be sued personally under the invoked statute for his actions as receiver; and (2) that, as appears from the complaint and the exhibits [2] attached thereto, including Exhibit IV, the claim had been adjudicated against the plaintiff in the state court suit and no appeal had been taken therefrom.

The motion to dismiss was sustained on both grounds and this appeal followed.

Here the United States thus states the questions for decision: "Whether the

1. Revised Statutes of the United States: Sec. 3466. "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed." 31 U.S.C.A. § 191.
   Sec. 3467 (as amended by Sec. 518 of the Revenue Act of 1934, c. 277, 48 Stat. 680). "Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid." 31 U.S.C.A. § 192.

2. These exhibits were: Exhibit 1., an order appointing defendant receiver and ordering all creditors to present their claims by intervention; Exhibit 2., the oath of office of the Receiver; Exhibit 3., reciting the names of creditors who had appeared and proved their claims and the amounts thereof, including the United States, and that the sums realized from the assets were much less than the amount of claims against them, and directing the fund to be held until priorities could be determined; Exhibit 4, an order finding that the United States had not properly become a party as required by law and that its claim could not be considered and it would not participate in the distribution, and an order that the receiver distribute the fund on hand to the creditors named pro rata. The United States was not named as one of the creditors and it did not appeal from the order.

district judge erred, in holding that the decision in the receivership proceeding must be accepted here as the law of the case, and in dismissing this suit which was filed under Section 3467 of the Revised States against the appellee as receiver for the insolvent company".

The appellee on his part asserts that there are three questions for decision: (1) whether, as receiver of the state court, he was within the scope of the invoked section 3467, so as to be subject to a personal suit for his actions as such receiver; (2) whether the judgment of the state court, set out in plaintiff's Exhibit IV, is a bar to this and any further suit on the claim; and (3) whether the complaint is deficient in not specifically alleging that the receiver had paid debts due by the estate from the funds in his possession.

For the reasons hereafter stated, we are of the clear opinion that appellee is correct in his position that he is not subject to suit under the statute, and that the suit was properly dismissed on that ground. Because we are, we will confine our discussion to this ground and will not undertake to determine or even to consider the other grounds on which appellee relies for affirmance.

█ It is axiomatic that an action based entirely upon a statute, as the action in this case under Section 3467 avowedly is, must find its warrant in the statute, and courts cannot, upon the pretence of construing it, enlarge its coverage to bring within it those not expressly or by clear intendment embraced within its terms.

█ That the defendant as receiver is not expressly included in it by name or designation, the most casual reading of the invoked section makes plain. That he is not included in it by implication or intendment is, we think, made even more clear by a careful reading of Sections 3466 and 3467 and an understanding of the settled law that a receiver in a state court is an officer or arm of the court, he is not a representative of the parties.

"Such title, right, and interest as the receiver has in property in receivership is that of the court, and likewise, the custody and possession of the receiver is regarded as that of the law or of the court, and not that of the creditor, mortgagee, debtor, mortgagor, or former owner, as the case may be, since the receiver in his custody and possession acts only as agent for the court."

"Where the appointment of a receiver is void, as where a court appoints a receiver on vacation when it has no jurisdiction or power so to do, the receiver is not the agent of the court, but is the agent of the party procuring his appointment, and possession of such a receiver is not possession by the law or the court." 45 Am.Jr., "Receivers", Sec. 153.

"A receiver is a ministerial officer, agent, the creature, hand or arm of, and a temporary occupant and caretaker of the property for, the court. He represents the court appointing him, and he is the medium through which the court acts. He derives his authority from such court, and he is subject only to its order. His acts are the acts of the court, and his possession is that of the court. His contracts and liabilities are in contemplation of law the contracts and liabilities of the court." Idem. Sec. 127.

In Parker v. Dupree, 28 Tex.Civ.App. 341, 67 S.W. 185, at page 186, it was sought to hold a receiver liable under Rev.Statutes of Texas, Vernon's Ann. Civ.St. Art. 3017, authorizing an action for the death of any person caused by the wrongful act, etc. of another, upon the contention that the receiver was a person in contemplation of the section quoted. The court saying: "A receiver, as such, may be said to be without personality. He is the mere agency of a court of equity, through whom the property is handled and controlled"; rejected the contention that the receiver is a

person in contemplation of the statute and denied recovery.

In Turner v. Cross & Eddy, 83 Tex. 218, 224, 18 S.W. 578, 579, 15 L.R.A. 262, the Supreme Court of Texas thus stated the relation and position of a receiver:

"A receiver is an officer of the court that appoints him, when the law takes possession of the property to which the receivership relates * * *. At all times they are only the agencies of the court, subject to its orders, and having no personal interest in the property in their hands resulting from the existence of the receivership * * *. When lawfully appointed they are not the representatives of the company or person whose property may be placed in their possession and under their management".[3]

In McNulta v. Lochridge, and again in Porter v. Sabin, the Supreme Court of the United States thus gives full support to these views:

"Actions against the receiver are in law actions against the receivership or the funds in the hand of the receiver, and his contracts, misfeasances, negligences, and liabilities are official, and not personal". 141 U.S. 327, at page 332, 12 S.Ct. 11, at page 13, 35 L.Ed. 796.

"When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate. The possession of the receiver is the possession of the court; and the court itself holds and administers the estate through the receiver, as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to

it. * * *" 149 U.S. 473, at page 479, 13 S.Ct. 1008, at page 1010, 37 L.Ed. 815.

A consideration of the statutory scheme,[4] in the light of these principles, makes completely clear, we think, that this suit to make the defendant "answerable in his own person and estate" because of his official actions as the court's receiver and under its orders, finds no warrant or support in that scheme.

Thus Section 3466 in terms spells out that it applies to executors and administrators, in short the personal representatives of the deceased debtor, and in case the debtor is living and has made an assignment, to the assignee, his personal representative to administer the assignment. But this is not all, for when passing from the section which establishes the priority, we turn to Section 3467, which authorizes suit against those whose actions have caused the loss of it, we find the same personal representatives mentioned by name and the added words "or other person" limited to those who stand as personal representatives not only by the application of the principle of ejusdem generis but by the language qualifying "person" as one "who pays in whole or in part any debt due by the person or estate for whom or for which he acts". (Emphasis supplied.)

To prevail then in this action, plaintiff must show: that the defendant is either an executor, administrator, or assignee of the debtor; or, if not, that he stands to the debtor as agent or in some other representative capacity and, as such agent or representative, has paid the debt due the United States; and that thus, as such agent or representative, he has defeated the priority accorded to debts of the United States.

---

3. Cf. Security Trust Co. of Austin v. Lipscomb County, 142 Tex. 572, 180 S.W.2d 151.

4. This scheme is by Section 3466 to accord an absolute priority to debts due the United States in cases of insolvency of the kind dealt with in the section, and

under Section 3467 to make "answerable in his own person and estate", under the conditions set out in it, those who, acting as personal representatives of the insolvent debtor have paid debts due to others and have defeated the priority accorded to debts of the United States.

When, as here, it appears that the defendant, sued as a personal representative who has violated the statute, is not such but is a receiver, an officer or arm of the court, it is quite clear, we think, that the defendant is not within the statute and that the suit was properly dismissed. Textbooks and cases declaring and holding that the receiver is not the representative of the debtor but an officer or arm of the court are legion. Many of them are cited in the notes to the texts cited from American Jurisprudence, supra.

The judgment was right. It is affirmed.