**UNITED STATES of America,**
**Plaintiff,**

v.

**A. D. CROCKER, Defendant.**

**Civ. No. 350.**

United States District Court
D. Nevada.
April 26, 1961.

Howard W. Babcock, U. S. Atty., Las Vegas, Nev., for plaintiff.

W. Bruce Beckley, Las Vegas, Nev., for defendant.

ROSS, District Judge.

## I. Background.

This is an action brought by the United States against defendant to collect certain taxes which plaintiff claims are owing to it. Jurisdiction is predicated on 28 U.S.C. § 1345, which allows the United States to bring suit in federal court regardless of the amount in controversy. Plaintiff alleges that the requirements of 26 U.S.C. § 7401 have been met, in that this action has been directed by the Attorney General at the request of the Commissioner of Internal Revenue.

It is alleged that on November 1, 1947, one Jesus Pereyra brought an action against one Novel Hendricks in the courts of the State of California. On the same date, the California court appointed the instant defendant, Mr. Crocker, as receiver in that action. The receivership assets consisted of a certain restaurant and liquor dispensing business located in California, known as the Casino Latino, together with all fixtures, equipment and a liquor license issued in the name of the defendant therein, Novel Hendricks. Mr. Crocker, as receiver, was given the power, among other things, to operate the business. The instant complaint alleges that Mr. Crocker entered upon his duties as receiver.

At various times during November and December, 1947, the Commissioner of Internal Revenue assessed Novel Hendricks, doing business as Casino Latino, for unpaid withholding taxes, 26 U.S.C.A. (I.R.C.1954) § 3401 et seq., Federal Insurance Contributions Act taxes, 26 U.S.C.A. (I.R.C.1954) § 3101 et seq., and cabaret taxes, 26 U.S.C.A. (I.R.C.1954) § 4231 et seq. The total amount of taxes was in the sum of $1,736.97 and additional interest and penalties amounted to $1,413.56. The instant complaint alleges that on November 2, 1949, there was filed with defendant Crocker, as receiver, a proof of claim for the unpaid assessments, interest and penalties. It is alleged that total liabilities of Novel Hendricks, due all creditors including the United States, came to $13,127.03.

The instant complaint next alleges that on or about November 15, 1949, defendant, as receiver, sold the business and liquor license formerly belonging to Novel Hendricks to Thomas Hoyer and Frank Perrarrio for the sum of $11,690.80; that said sum was paid to the receiver in cash; that the receiver distributed said proceeds of sale to certain creditors, exclusive of the United States; and that neither the sale nor the distribution was authorized or approved by the California court. The plaintiff here further alleges that inasmuch as Novel Hendricks was indebted to the United States and inasmuch as she was insolvent at the time of the distribution of her estate, the United States was entitled to the priority provided for by Revised Statutes sec. 3466, 31 U.S.C.A. § 191.[1] Finally,

---

1. Revised Statutes, sec. 3466 provides: "Whenever any person indebted to the

United States is insolvent, or whenever the estate of any deceased debtor, in the

the complaint alleges that inasmuch as defendant herein, as receiver, knew of the debt due to the United States and further knew that Novel Hendricks was insolvent, but that notwithstanding such knowledge he paid creditors who were not entitled to priority over the United States, that, therefore, the instant defendant should be personally liable to the United States for the full amount of taxes, penalties and interest. It is alleged that such liability is imposed by Revised Statutes sec. 3467, 31 U.S.C.A. § 192.[2]

The instant complaint was filed on November 1, 1960. On March 29, 1961, the defendant filed a motion to dismiss the action because the complaint fails to state a claim upon which relief may be granted. By way of alternative motion, the defendant moved this Court to stay the instant action on the theory that there is presently pending in the California courts an action between the same parties, involving the same issues.

## II. Discussion.

The primary contention of defendant is that he cannot be held liable under R.S. sec. 3467 because that statute does not contemplate an action against a court appointed receiver. Should this Court hold that, as a general proposition, receivers are not liable under the statute, we must still determine whether or not an exception must be carved out of such general rule to cover those cases, such as is alleged to exist here, where the actions of the receiver were not authorized by the court which appointed him.

■ It needs no citation of authority to point out that whether receivers are intended to be covered by R.S. sec. 3467 is a question which must be determined by federal law. Since the statute does not mention receivers by name, see note 2 of this opinion, supra, our decision will be controlled not only by making reference to the titles of those persons which may be covered, but by an analysis of the functions, duties and purposes of such persons. To intelligently construe the statute, we cannot be shackled to mere nametags. We must consider what types of persons Congress contemplated when it spoke of "every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts." Before proceeding further, we will endeavor to determine what type of person defendant Crocker, as receiver, was. This, we hold, can only be done by looking to the law of the State under which he was appointed. Once we have obtained his "description," as it were, we will then determine whether he fits into the federal statute; and that determination, as we mentioned, will be controlled by federal law.

■ Under California law, a court-appointed receiver "is but the hand of the court" to aid it in preserving and managing the property involved in the suit. Free Gold Mining Co. v. Spiers, 1901, 135 Cal. 130, 67 P. 61. He has been described as being "an officer of the court, administering his stewardship in an official capacity." H. D. Roosen Co. v. Pacific Radio Publishing Co., 1932, 123 Cal.App. 525, 11 P.2d 873, 876. It has been said that the custody of the receivership assets is that of the court,

hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

2. Revised Statutes, sec. 3467 provides: "Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

Tapscott v. Lyon, 1894, 103 Cal. 297, 37 P. 225, 227 and that the receiver's possession is that of the court. Pacific Bank v. Madera Fruit & Land Co., 1899, 124 Cal. 525, 57 P. 462, 463. This, of course, follows from the holding that a receiver is a "mere servant or agent of the court." Edwards v. Western Land & Power Co., 1915, 27 Cal.App. 724, 151 P. 16, 18.

■ With this description of the receiver in mind, it becomes understandable that California law has drawn a distinction between a receiver and an executor, administrator or assignee. We have been told that a "receiver does not occupy the status of an assignee." H. D. Roosen Co. v. Pacific Radio Publishing Co., 1932, 123 Cal.App. 525, 11 P.2d 873, 876; Burrows v. Jorgensen, 1958, 158 Cal.App.2d 644, 323 P.2d 150, 154. The receiver, after all, is a "minister of the court in possession of the property," ibid., whereas the assignee represents the assignor. Francisco v. Aguirre, 1892, 94 Cal. 180, 29 P. 495, 496; 5 Cal.Jur.2d, Assignments for Benefit of Creditors, sec. 12, p. 407 (1952). Similarly, it is elementary that an administrator or executor stands as the representative of the decedent's estate. Fox Film Corp. v. Knowles, 1923, 261 U.S. 326, 330, 43 S. Ct. 365, 366, 67 L.Ed. 680 ("The executor represents the person of his testator * * *."); Crocker v. Crocker, 1927, 84 Cal.App. 114, 257 P. 611, 617. Yet, as we have pointed out above, the receiver represents the court which appoints him.

The distinctions, under California law, between receivers, on the one hand, and executors, administrators and assignees, on the other hand, are, of course, common to most jurisdictions. These distinctions have been recognized by Federal courts which have been faced with the problem which confronts us.[3] Thus, in the leading case on the subject, the Court of Appeals for the Fifth Circuit has held that R.S. sec. 3467 does not contemplate personal liability on the part of the receiver. We quote at length from United States v. Stephens, 5 Cir., 1953, 208 F.2d 105, 107–08, 41 A.L.R.2d 441.

"It is axiomatic that an action based entirely upon a statute, as the action in this case under Section 3467 avowedly is, must find its warrant in the statute, and courts cannot, upon the pretence of construing it, enlarge its coverage to bring within it those not expressly or by clear intendment embraced within its terms.

"That the defendant as receiver is not expressly included in it by name or designation, the most casual reading of the invoked section makes plain. That he is not included in it by implication or intendment is, we think, made even more clear by a careful reading of Section 3466 and

3. Plaintiff has drawn to this Court's attention the statement in Pennsylvania Cement Co. v. Bradley Contracting Co., D.C. S.D.N.Y., 1920, 274 F. 1003, 1006, that receivers are within the purview of the statute. To begin with, that case was not brought under the statute in question, it being involved only collaterally. This is significant because, among other things, the court there was not faced with a problem which concerns us considerably, namely, construing a statute so as to impose a liability on a person when the liability would seem to be penal in nature. It is "penal" in the sense that the liability is, as an original proposition, that of a debtor, yet shifts to the defendant because of his actions which are wholly unconnected with those factors which gave rise to the debt in the first instance.

Furthermore, quite aside from the fact that that opinion of a District Court is *prima facie* not as persuasive as that of a contrary opinion by a Court of Appeals, it so happens that we choose to accept the careful reasoning of the Fifth Circuit in the Stephens case, infra, instead of the mere assertion contained in the case advanced by plaintiff. In any event, if we are to be guided by cases which do not arise under the statute, we would point to Gleeson v. The Willamette Valley, D.C.N.D.Cal., 1894, 62 F. 293, 303, where the court correctly stated that " 'receivers' and 'administrators' are not convertible terms. Though their duties and incidental powers in some respects may be similar, yet they are officers having different functions to perform, and appointed for different purposes; * * *."

3467 and an understanding of the settled law that a receiver in a state court is an officer or arm of the court, he is not a representative of the parties.

[The Court then quoted from treatises and cases which set forth the same concepts prevailing under California law, namely, that the receiver is an agent or "the hand or arm" of the court.]

\* \* \* \* \* \*

"A consideration of the statutory scheme, in light of these principles, makes completely clear, we think, that this suit to make the defendant 'answerable in his own person and estate' because of his official actions as the court's receiver and under its orders, finds no warrant or support in that scheme.

" \* \* \* [W]e find the same personal representatives [executor, administrator, assignee] mentioned by name and the added words 'or other person' limited to those who stand as personal representatives not only by the application of the principle of *ejusdem generis* but by the language qualifying 'person' as one 'who pays in whole or in part any debt *due by the person or estate for whom or for which he acts'*. (Emphasis supplied.)

"To prevail then in this action, plaintiff must show: that the defendant is either an executor, administrator, or assignee of the debtor; or, if not, that he stands to the debtor as agent or in some other representative capacity and, as such agent or representative, has paid the debt due the United States.

\* \* \* \*

"When, as here, it appears that the defendant, sued as a personal representative who has violated the statute, is not such but is a receiver, an officer or arm of the court, it is quite clear, we think, that the defendant is not within the statute and that the suit was properly dismissed.

Textbooks and cases declaring and holding that the receiver is not the representative of the debtor but an officer or arm of the court are legion."

The same conclusion, we might add, was reached in the case of United States v. Hicks, 51 A.F.T.R. 1497, 1498 (S.D. Fla., 1956), where the Court held that "the statute upon which this suit is based is not intended to include State Court receivers \* \* \*."

These decisions speak for themselves. We choose to follow them because they recognize the important distinction that a receiver, unlike an executor, administrator, or assignee, acts on behalf of the court which appoints him, not on behalf of the debtor and/or decedent. We submit that the only intelligent way to construe the phrase "or other person," as used in the statute, is to observe this distinction and to bear in mind that Congress itself recognized it when it imposed liability on this ill-defined "other person" who pays debts for a person or estate *"for whom* or *for which* he acts."

█ Having determined that receivers, as a general proposition, are not included within the statute, we now deal with plaintiff's contention that such rule is inapposite here because the actions of the receiver were not authorized or approved by the state court. Without in any way meaning to indicate our position in the matter, we shall, for purposes of this motion, take as being true the allegation that the defendant's actions were not authorized or approved. Even so, our prior construction of the statute will be applied to this case for two reasons.

First. However wrongful defendant's actions in selling the property and disposing of the proceeds may have been, it would seem that he still was acting in his capacity as receiver. Indeed, in its complaint the plaintiff alleges in Paragraph 13 thereof that "the defendant, A. D. Crocker, *as receiver* for Novel Hendricks, sold the business. \* \* \*." The complaint further alleges in Paragraph 14 thereof that "the defendant,

A. D. Crocker, *as receiver*, paid and distributed" the proceeds of the sale. (Emphasis, in each case, has been supplied.) Is plaintiff now contending that because defendant allegedly acted wrongfully that he was not doing so as a receiver? The proposition would seem to be untenable. But, even conceding, *arguendo*, that defendant did not act as a receiver, where is the allegation, which we deem necessary under our previous construction of the statute, that defendant was acting *for* the taxpayer? If, as the plaintiff apparently contends, we are to be so concerned about whether the court authorized the actions of the defendant, how can we ignore the further question of whether the taxpayer authorized them? Since defendant was appointed by the court, it would seem that there would at least have to be an allegation that the taxpayer authorized or approved defendant's conduct. The statute, we have held, only imposes liability upon one who acts *for* the debtor-taxpayer. For all the complaint shows, the defendant could have acted by virtue of an understanding or scheme with certain of the creditors. Although his conduct, under those circumstances, is wrongful, that does not mean that this Court should provide the plaintiff with a remedy by construing the statute to a point not intended by Congress.

Second. Even assuming that the defendant acted without authority, that does not mean that the question can be raised in this court. "Ordinarily questions concerning propriety of receiver's actions should be raised in the receivership proceeding, not by collateral attack." National Benefit Life Insurance Co. v. Shaw-Walker Co., 1940, 71 App.D.C. 276, 111 F.2d 497, 507, 1940, certiorari denied 311 U.S. 673, 61 S.Ct. 35, 85 L.Ed. 432. The reason for this rule, of course, arises from the fact that it is the appointing court which is in the best position to interpret the statutes of the State and the order of the court under which the receiver is appointed. Particularly in a case such as this, where the allegedly improper actions transpired more than eleven years ago, the appointing court is in a better position than any other court or individual to know whether it approved, by ratification, the acts in question. Furthermore, sheerly out of comity for the appointing court, it may well be that it should, in conjunction with its ruling on the disputed questions, be allowed to vindicate its authority by adjudging the offending receiver to be in contempt. See State ex rel. Phoenix Mutual Life Insurance Co. of Hartford, Connecticut v. Superior Court, 1928, 146 Wash. 679, 264 P. 988, 989.

It is, then, the holding of this Court that the complaint on file fails to state a claim against the defendant for which relief may be granted. We recognize, however, that by virtue of 28 U.S.C. § 1345 this Court has jurisdiction over actions brought by the United States exclusive of the amount involved. We further recognize that it is conceivable, although not likely, that some bright individual in the Department of Justice will be able to allege facts which will state a valid claim under the statute here in question, or that the plaintiff will desire to bring suit on defendant's receiver's bond, or that plaintiff will desire rescission of the sales made by defendant. Accordingly, we are of the opinion that plaintiff should have 30 days in which to file an amended complaint. However, we would point out at this time that we are not intimating that an amended complaint would be successful in withstanding either a motion to dismiss or a motion to stay because of the pendency of proceedings in another court concerning the same issues.

### III. Order.

It is, therefore, Ordered, that plaintiff's complaint on file in the above entitled matter be, and the same hereby is, dismissed, without prejudice, however, to the plaintiff's filing an amended complaint within 30 days from this date. It is

Further Ordered, that defendant's motion to stay the above entitled action be,

and the same hereby is, denied on the ground of mootness. It is

Further Ordered, that plaintiff's motion for oral argument on the defendant's motion to dismiss and on the defendant's motion for stay of the above entitled action be, and the same hereby is, denied.