UNITED STATES of America, Appellant,

v.

A. D. CROCKER, Appellee.

No. 17776.

United States Court of Appeals Ninth Circuit.

Feb. 15, 1963.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Stephen B. Woflberg and Benjamin M. Parker, Attys., Dept. of Justice, John W. Bonner, U. S. Atty., Las Vegas, Nev., for appellant.

W. Bruce Beckley, Las Vegas, Nev., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and PENCE, District Judge.

BROWNING, Circuit Judge.

The United States filed a complaint alleging that appellee, a receiver appointed by the Superior Court of the State of California, took possession of assets of a certain debtor, sold them, and distributed the proceeds to creditors other than the United States, although appellee knew that the debtor was insolvent and indebted to the United States for unpaid taxes. The complaint prayed for a personal judgment against appellee in the amount of the unpaid tax, relying upon 31 U.S.C.A. § 192. The District Court dismissed the action on the ground that Section 192 is inapplicable to court-appointed receivers.[1]

Sections 191[2] and 192[3] of Title 31 are part of a common statutory scheme,[4] the language of which is to be liberally construed to effectuate its public purposes.[5]

Section 191 provides that debts due to the United States shall have priority when a decedent's estate is insufficient to satisfy all of its debts, or when a living debtor is insolvent and his insolvency is manifested in one of the ways specified in Section 191: i. e., by assignment for the benefit of creditors, by at-

---

1. 194 F.Supp. 860 (D.Nev.1961).

2. "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed." 31 U.S.C.A. § 191; Rev. Stat. § 3466.

3. "Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid." 31 U.S.C.A. § 192; Rev.Stat. § 3467, as amended.

4. United States v. Lutz, 295 F.2d 736, 742–43 (5th Cir., 1961). The provision for priority of debts due the United States, now found in Section 191, was enacted in its original form in 1789. Price v. United States, 269 U.S. 492, 500, 46 S.Ct. 180, 70 L.Ed. 373 (1926). The provision for personal liability of fiduciaries, now found in Section 192, was added in 1799, initially as a clause interposed between the two present clauses of Section 191. Act of March 2, 1799, c. 22, § 65, 1 Stat. 676. See Conard v. Atlantic Ins. Co., 26 U.S. (1 Pet.) 386, 438–439, 7 L.Ed. 189 (1828). The present arrangement was adopted in incorporating these provisions in the Revised Statutes, and "did not work any change in the purpose or meaning." Price v. United States, 269 U.S. at 501, 46 S.Ct. at 181, 70 L.Ed. 373.

5. The statute "is founded not so much upon any personal advantage to the sovereign, as upon motives of public policy, in order to secure an adequate revenue to sustain the public burdens, and discharge the public debts." United States v. State Bank, 31 U.S. (6 Pet.) 29, 35, 8 L.Ed. 308 (1832). "As this statute has reference to the public good, it ought to be liberally construed." Beaston v. Farmers' Bank, 37 U.S. (12 Pet.) 102, 134, 9 L.Ed. 1017 (1838).

tachment of the effects of an absconding, concealed, or absent debtor, or by an act of bankruptcy. When the conditions establishing this priority under Section 191 are satisfied, the property of the debtor will ordinarily have passed to the control of a third person, and Section 192 provides that the preferred obligation to the United States is then to be satisfied "by the assignees; who are rendered personally liable, if they omit to discharge such debt or debts." Conard v. Atlantic Ins. Co., 26 U.S. (1 Pet.) 386, 439, 7 L.Ed. 189 (1828). "Where the debtor is divested of his property in one of the modes specified in the act, the person who becomes invested with the title is made trustee for the United States and bound first to pay its debt out of the debtor's property." United States v. Oklahoma, 261 U.S. 253, 260, 43 S.Ct. 295, 297, 298, 67 L.Ed. 638 (1923).[6] And the statute does not require transfer of title or establishment of a formal trust; "divestment of possession and control without technical transfer of title is enough to bring the statute into operation."[7]

In Bramwell v. United States Fidelity Co., 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368 (1926), the Supreme Court sustained the holding of this Court that debts due the United States were entitled to priority under Sections 191 and 192 when possession and control of the property of an insolvent bank were transferred to the Superintendent of Banks of the State of Oregon for liquidation. It was argued that Section 191 did not apply. The Court said:

"The specification in § 3466 [Section 191] of the ways insolvency may be manifested is aided by the designation in § 3467 [Section 192] of the persons made answerable for failure to pay the United States first from the inadequate estates of deceased debtors or from the insolvent estates of living debtors. The persons held are 'every executor, administrator, or assignee, or *other person.*' The generality of the language is significant. Taken together, these sections mean that a debt due the United States is required first to be satisfied when the possession and control of the estate of the insolvent is given to any person charged with the duty of applying it to the payment of the debts of the insolvent, as the rights and priorities of creditors may be made to appear." 269 U.S. at 490, 46 S.Ct. at 178, 70 L.Ed. 368.

 It follows, and the cases have held, that a receiver appointed by a federal or state court who takes possession and control of the assets of an insolvent debtor must first satisfy obligations due the United States under Section 191.[8] It likewise follows that a receiver who knowingly[9] distributes the assets in disregard of that priority is personal-

---

6. See also United States v. Kaplan, 74 F. 2d 664, 666 (2d Cir., 1935). Section 191 "has no application to a payment by a stranger occupying no fiduciary capacity, as in the case of a debt due in the usual course of business to a solvent debtor." United States v. Western Union Tel. Co., 50 F.2d 102, 103 (2d Cir., 1931).

7. 63 Yale L.J. 905, 906 n. 8 (1954). See Bramwell v. United States Fidelity Co., 269 U.S. 483, 489–491, 46 S.Ct. 176, 70 L.Ed. 368 (1926).

8. Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 67 S.Ct. 340, 91 L.Ed. 348 (1946); United States v. Texas, 314 U.S. 480, 483–484, 62 S.Ct. 350, 86 L.

Ed. 356 (1941); United States v. Emory, 314 U.S. 423, 426, 62 S.Ct. 317, 86 L.Ed. 315 (1941); Spokane County v. United States, 279 U.S. 80, 85, 93, 49 S.Ct. 321, 73 L.Ed. 62 (1929); United States v. Butterworth-Judson Corp., 269 U.S. 504, 513–514, 46 S.Ct. 179, 70 L. Ed. 380 (1926); Stripe v. United States, 269 U.S. 503, 46 S.Ct. 182, 70 L.Ed. 379 (1926); Price v. United States, 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373 (1926); Davis v. Pullen, 277 F. 650, 655 (1st Cir., 1922).

9. Cf. Want v. Commissioner, 280 F.2d 777, 783 (2d Cir., 1960). See Annotation, 41 A.L.R.2d 446, 450 (1955).

ly liable under Section 192.[10] It would be inconsistent with the scheme of Sections 191 and 192, and at odds with their purpose and with the rationale of Bramwell, to exclude receivers from personal liability under Section 192 when the conditions for priority under Section 191 have been satisfied.

It is true that court-appointed receivers are not expressly named in Section 192, and that they are officers of the court and not primarily representatives of the parties. But it has been held that a trustee in bankruptcy,[11] a state official charged with liquidating a bank,[12] and an officer-director of a liquidating corporation[13] may be liable under Section 192 though none of these is within the classes of persons named. Moreover, a trustee in bankruptcy (like a court-appointed administrator, a class specifically named in Section 192) is an officer of the court,[14] and neither a trustee in bankruptcy nor a state official acts primarily as agent for the parties.

The Court in United States v. Stephens, 208 F.2d 105 (5th Cir., 1953), predicated its holding that court-appointed receivers were excluded from liability under Section 192 in part upon the ground that appointment of a receiver to distribute an insolvent's assets does not give rise to priority under Section 191. We understand the law to be to the contrary, as we have noted.

The Court in Stephens also suggested that executors, administrators, and assignees are personal representatives of a decedent or debtor and therefore the meaning of the words "or other person" in Section 192 should be similarly confined, to the exclusion of a receiver who is "an officer or arm of the court, * * * not a representative of the parties,"[15] particularly in view of the reference in that section to payment by the fiduciary of debts due from "the person or estate for whom or for which he acts". But the debts paid by a liquidating receiver, like those paid by an executor, administrator, or assignee for the benefit of creditors, are primary obligations of the debtor; the phrase "for whom, or for which he acts" should be read as a general acknowledgment of this fact rather than as imposing a restriction upon the reach of Section 192 inconsistent with the overall purpose of this section and Section 191. In terms of the purpose of the two sections, the significant characteristic which persons in the classes named in Section 191 have in common is not that they represent debtors rather than courts, but rather that they are given possession and control of assets of debtors and are charged with the payment of debtors' obligations. Under the rationale of Bramwell, any "other person" who answers this description is included in Section 192, if the debtor is insolvent.

We therefore hold that appellee's status as a court-appointed receiver does

---

10. Pennsylvania Cement Co. v. Bradley Contracting Co., 274 F. 1003, 1006 (S.D. N.Y.1920). But see United States v. Stephens, 208 F.2d 105 (5th Cir., 1953); United States v. Hicks, 51 Am.Fed.Tax R. 1497 (S.D.Fla.1956). The Stephens case has been criticized as "difficult to support." 9 Mertens, Federal Income Taxation § 54.12, n. 73. See 67 Harv.L. Rev. 1274 (1954).

11. United States v. Kaplan, 74 F.2d 664, 665 (2d Cir., 1935); In re Anderson, 279 F. 525, 527 (2d Cir., 1922) (dictum). Cf. Want v. Commissioner, 280 F.2d 777, 783 (2d Cir., 1960).

12. Bramwell v. United States Fidelity Co., 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368 (1926); United States ex rel. Ray v. Porter, 24 F.2d 139, 143 (D.Idaho, 1927).

13. United States v. Lutz, 295 F.2d 736 (5th Cir., 1961). See 34 Taxes 477 (1956).

14. 2 Collier, Bankruptcy 1737 (14th ed.). A fiduciary is not relieved of liability because distribution in disregard of the government's priority has been approved by the court. Cases are collected at 41 A.L. R.2d 462 (1955).

15. 208 F.2d at 107.

not immunize him from personal liability if he would otherwise be subject to such liability under Section 192.[16]

Reversed.

16. We assume without deciding that the circumstances of this case were such that debts due the United States acquired priority under Section 191 (Illinois ex rel. Gordon v. Campbell, 329 U.S. 462, 368–369, 67 S.Ct. 340, 91 L.Ed. 348 (1946)); that question was not raised here or in the District Court.