UNITED STATES of America,
Plaintiff,

v.

Harry M. SACHS, Jr. and Fund Insurance
Company, et al., Defendants.

Civ. A. No. 14233.

United States District Court
D. Maryland.

May 29, 1963.

Joseph D. Tydings, U. S. Atty., Robert W. Kernan, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

William J. Evans, Baltimore, Md., for defendants.

WINTER, District Judge.

On motion to dismiss under Rule 12, F.R.Civ.P., the question presented for decision is whether there is personal liability on the part of a state court appointed receiver, under the provisions of R.S. § 3467, 32 U.S.C.A. § 192, when the receiver, in distributing the receivership estate, fails to observe *and disregards* the priority of the United States as a creditor established by R.S. § 3466, 31 U.S.C.A. § 191.

For purposes of the motion, the following facts are taken as true. The United States has sued defendant Sachs, court appointed receiver of Downing Crystal Company (Downing) in a receivership proceeding under the jurisdiction of the Circuit Court for Carroll County, Maryland, Equity No. 9331, and Fund Insurance Company (Fund), the corporate surety on the $1,000.00 bond posted by defendant Sachs, conditioned upon the faithful performance of his duties as receiver. Prior to the institution of the receivership proceedings, Downing was indebted to the United States for overpayments received under two contracts in the total amount of $18,282.74. The United States filed a proof of claim in the receivership proceedings asserting its claim and asserting priority under R.S. § 3466, 31 U.S.C.A. § 191. After payment of costs and administration expenses, the receiver had a balance of $5,619.-09 for distribution to creditors. The receiver disregarded the right of priority of the United States, and this amount was distributed to creditors other than the United States. The United States prays judgment against the defendant Sachs in the amount of $5,619.09 and against defendant Fund in the sum of $1,000.00, plus interest from the date of distribution, and costs.

By various third party complaints, the original defendants have joined the attorney for defendant Sachs and all of the distributees of the receivership estate, praying judgment for the amounts distributed, in the event that the original defendants are held liable under the orig-

inal complaint. Only one of the third party defendants has answered. The motion to dismiss was filed by the original defendants.

There is no dispute, for purposes of this motion, that the claim of the United States was entitled to priority (which was not given it), under the provisions of R.S. § 3466, § 191:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

The sole question arises out of a dispute as to the proper construction to be afforded R.S. § 3467, 31 U.S.C.A. § 192 which provides as follows:

"Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

Stated more narrowly, the question is whether "other person" as used by R.S. § 3467 may include a state appointed receiver acting under the jurisdiction of a state court.

This question has been answered in the negative in United States v. Stephens, 208 F.2d 105 (5 Cir.1953), see also United States v. Hicks, 51 Am.Fed.Tax R. 1497 (D.C.S.D.Fla.1956), and United States v. Crocker, 194 F.Supp. 860 (D.C. Nev.1961); and in the affirmative in United States v. Crocker, 313 F.2d 946 (9 Cir.1963), which reversed United States v. Crocker, 194 F.Supp. 860, supra. The question has not been decided by the Court of Appeals for this circuit.

The decision in Stephens was reached on the theory that a receiver, appointed by, and acting under, the jurisdiction of a state court, was not (208 F.2d p. 109) "the representative of the debtor but an officer or arm of the court" and, therefore, for that reason, as well as application of the principle of *ejusdem generis* where the phrase "or other person" followed specific mention of "executor, administrator, or assignee," R.S. § 3467 was inapplicable.

The Stephens decision has been criticized in Note 67 Harv.L.Rev. 1274 (1954) and 9 Mertens, Law of Federal Income Taxation (1958 Ed.), § 54.12, n. 73.

After a thorough analysis of the law, the court in the Crocker case rejected the holding in the Stephens case by drawing an analogy between a receiver, appointed by a state court and acting under that jurisdiction, and a trustee in bankruptcy, an office which has been held to be included within R.S. § 3467, 31 U.S. C.A. § 192, United States v. Kaplan, 74 F.2d 664 (2 Cir.1935), cf. United States v. King, 208 F.Supp. 697 (D.C.N.J.1962). The court in Crocker also rejected *ejusdem generis*, because it held that the debts paid by a liquidating receiver, like those paid by an executor, administrator, or assignee for the benefit of creditors, are primarily obligations of the debtor and that, therefore, the phrase in R.S. § 3467 "for whom or for which he acts" should be read as a general acknowledgment that the class of persons to whom the statute is applicable includes a receiver. As a more basic consideration, the court held that R.S. § 3466 and R.S. § 3467 were in *pari materia* and, hence, the rationale of Bramwell v. United States Fidelity Co., 269 U.S. 483,

46 S.Ct. 176, 70 L.Ed. 368 (1926), which afforded a broad construction to R.S. § 3466 because of the use of the phrase "other person" in R.S. § 3467, indicated that "other person" in R.S. § 3467 should be broadly construed.

After study of the two opinions, and particularly in the light of the allegation, admitted for the purpose of the motion, that the receiver "disregarded" the priority of the United States, I am constrained to follow the holding in the Crocker case. The motion to dismiss is denied.

Counsel may agree upon a form of order.